OVERTON, Justice.
 

 This is a suit to annul a judgment rendered in favor of defendant against plaintiff for a sum in excess of $5,000, with recognition of a vendor’s privilege and a chattel mortgage on certain automobile parts,, used ears, and the like, sold by the Thompson Chevrolet Company, Inc., to the defendants in the ease in which the judgment was rendered. The suit to annul is coupled with a demand for a writ of injunction, to restrain the execution of the judgment sought to be annulled, which, however, was not granted.
 

 The cause alleged for annulling the judgment is that citation was not served on plaintiff herein. The return of the deputy sheriff on the citation, which shows personal service, is attacked as being false and untrue.
 

 Plaintiff, who was Mrs. Louise Bunch, wife of Felix T. Bunch, at the time the citation issued, denies positively that citation was served upon her, but says that citation, together with a copy of the petition, directed to her, was delivered to her husband, while he was in the sitting room of his home reading, and while she was in the bathtub, and that, after dressing, she went into the sitting room, where she found the papers on a table. She says that her husband told her that some one had given him the papers and requested him to deliver them to her. She says that she does not know how many suits were filed against her between May
 
 1
 
 and July 1, 1932, and does not know the names of the plaintiffs in those suits, and that no one served the papers on her in any of them, nor was service of any kind made on her in them.
 

 Felix T. Bunch, the then husband of plaintiff, who was a party to the suit, testified that a deputy sheriff delivered to him certain papers while he was at home; that he glanced over them, without paying much attention to the papers; and that some of the papers were intended for plaintiff, while others were intended for him. Bunch says that he does not recall what suit the papers weré in. He says that in some cases service was made upon him and'upon her personally, while in others such was not the case, and that he is unable to say in which cases service was made on her personally and in which cases citations, addressed to her, were served upon him.
 

 The attorney for the plaintiff, who had charge of the case below — a highly reputable witness — also testified. 1-Iis evidence, however, consists of only what plaintiff and her husband told him, and, since it was objected to as hearsay, it must be disregarded, save as to its tendency to establish what papers plaintiff and Bunch had reference to when they testified as to papers, intended for plaintiff, having been served on Bunch.
 

 W. O. Boughton, the deputy sheriff, to whom was assigned the duty of serving the papers, testified that he made personal service of citation on plaintiff. The witness has, however, no personal recollection of his hav
 
 *389
 
 mg made service, but he says that he knows that he did make personal service, because he signed the return so showing. He says that, had the return not been correctly written, he would have refused to sign it until it was correctly written.
 

 No citation of authority is necessary to show that one may not be condemned without first being given, in the manner prescribed by law, an opportunity to be heard. While courts should exercise care to see that such opportunity is given, they should also exercise equal care to see that the returns of service of legal process by sworn and disinterested officers are not overthrown save upon clear proof that they are false or erroneous, otherwise great uncertainty will surround judicial proceedings. The evidence adduced in this case, as our brother below thought, is not sufficient to overthrow the verity of the return. Cf. De St. Romes v. Carondelet Canal & Navigation Co., 24 La. Ann. 331.
 

 The judgment appealed from, which rejects plaintiff’s demand, is affirmed.