On May 18, 1938, the Crescent Chevrolet Company, Inc., secured a judgment against E.J. Smith for the sum of $581.28, with interest and cost, being the value of a car *Page 422 
traded to said company by Smith on a new car, plus repairs made on this traded car by the company and attorney's fees paid by the company. It developed that the traded car had been stolen by some one and because of that fact the car was reclaimed by the real owner and taken from the customer to whom the company had sold it. This judgment against Smith was rendered by default on a citation with a return made by the deputy sheriff showing domiciliary service "on E.J. Smith, defendant, by leaving said copies at his domicile in the Parish of St. Tammany * * * in the hands of Mrs. E.J. Smith * * * residing at the same house during the temporary absence therefrom of the said E.J. Smith," etc. This service was made on February 10, 1938.
In August, 1940, in the execution of the above judgment, the Sheriff of St. Tammany Parish seized an automobile and advertised it for sale in the following October. Smith filed a suit against the Chevrolet Company and the sheriff in which he alleged that the seized automobile belonged to his divorced wife and that he had, prior to the judgment of divorce, authorized his wife to execute a chattel mortgage on the said car; that the judgment rendered against him is null and void for the following reasons: that it does not state the place where the court is held nor where the judgment was signed; that at the time of filing said suit and the rendition of said judgment, he was not a resident of the State of Louisiana; that, while the return on the citation on which said judgment was based shows a domiciliary service on Mrs. E.J. Smith at his domicile, as a matter of fact, said service was made by the deputy sheriff by handing a copy of said citation and petition to Mrs. E.J. Smith on the public streets of Slidell in front of Martha's Grocery Store, which place was not his residence or domicile.
In this suit Smith prays for a judgment decreeing the nullity of the judgment against him; that the seizure be set aside and the writ dissolved. He also asked for a rule on the seizing creditor and the sheriff to show cause why a preliminary injunction should not issue to enjoin and restrain the said creditor and sheriff from selling the seized automobile.
The rule issued and came up for hearing on October 4, 1940, whereupon the trial judge issued an interlocutory order on the minutes of the court "ordering a temporary injunction to issue restraining and prohibiting the sheriff from advertising and selling the automobile under seizure, and further directing and ordering him to hold said automobile until the further orders of this court." The Chevrolet Company obtained and perfected a devolutive appeal from this interlocutory order granting the preliminary injunction.
The appellee filed a motion in this court to dismiss the appeal on the ground that the appeal bond is insufficient and the surety thereon is not qualified. This motion does not seem to be seriously pressed in this court. In any event, the motion is without merit as it is now well settled that a motion to dismiss an appeal on account of the insufficiency of the appeal bond will not be considered unless it is shown that proper steps were taken in the trial court by the appellee against the appellant to test the sufficiency of the bond or the qualifications of the surety thereon and the appellant given an opportunity to show the sufficiency of the bond or prove the qualifications of the surety and furnish a new bond or correct the defect in case the bond is held insufficient, in accordance with Act No. 112 of 1916. Hurry v. Hurry, 144 La. 877, 81 So. 378; Rousseau and Wife v. Texas 
P. Ry. Co. et al., 2 La.App. 279. The motion to dismiss is therefore denied.
We find no merit whatever in the first two grounds urged for the nullity of the judgment. The judgment shows on its face that it was rendered in the Twenty-second Judicial District Court of St. Tammany Parish and that it was rendered, read and signed in open court. The place of holding said court is fixed by law and it was not necessary for the judgment to name the place it was rendered and signed as it was to be presumed that the court was held at the place fixed by law. And as for the allegation that the plaintiff was a nonresident of the state when he was sued and the judgment rendered, there is no proof to support this allegation. On the contrary, there is proof in the record to show that he himself claimed residence in St. Tammany Parish in judicial proceedings and in notarial acts before and after the suit was brought against him.
The only serious ground urged for the nullity of the judgment is the lack of legal service of citation. The plaintiff placed on the stand the deputy sheriff who served the citation and sought to prove by him that he did not serve the citation on Mrs. Smith at plaintiff's residence but *Page 423 
served it on her at a grocery store in Slidell. Objection was made to this testimony and the objection was sustained by the court. This ruling was correct as an officer cannot testify to anything that would vary, contradict and break down his official returns on the citation, although he can testify to incidental and collateral facts in support of his returns and in order to show the validity of his acts. Baham v. Stewart Bros. Co. et al., 109 La. 999, 34 So. 54; Adler v. Board of Levee Commissioners, 168 La. 877, 123 So. 605; Act No. 179 of 1918, Section 1, par. (9).
The only testimony in the record to show that the citation was not served at the domicile of the plaintiff by leaving copies of the citation and petition with Mrs. E.J. Smith at his residence is the testimony of Mrs. E.J. Smith who testified that these papers were served on her in Martha's Grocery Store in Slidell which was not and never had been the domicile of her husband. She says that she was then working in this grocery store and the papers were handed to her by the officer across the counter.
The return of an officer on judicial process is presumed to be correct and should not be overthrown except by clear and convincing evidence. While no valid judgment can be rendered without a legal citation, yet, in order that uncertainty and confusion might be avoided as to the validity of judgments, great reliance must be placed on the returns made by sworn officers who are entrusted with the service of process. For this reason, a rule has developed which requires more than the uncorroborated evidence of a single witness to overcome the presumption attaching to the correctness of the return on process made by a sworn officer. Logwood v. Logwood, 185 La. 1, 168 So. 310; Wright v. Peters Furniture Co., Inc., La.App., 153 So. 548; Sims v. First National Bank, 177 La. 386, 148 So. 505.
Because of this wholesome rule, it required more than the uncorroborated evidence of Mrs. Smith to overcome the statements of the officer as to the manner in which he made the service of citation. The case has not been tried on the merits, and we are advised by counsel for plaintiff that he has ample evidence which he can produce to prove that the citation was not served on Mrs. Smith at plaintiff's domicile. If he is able to prove that such was the case, it is obvious that the judgment on which the seizure is based cannot stand. In any event, the decision of that question will be determinative of the case, and as the trial judge has not ordered the release of the seizure nor passed on the validity, vel non, of the judgment, a remand of the case will give the litigants the opportunity of producing all of their evidence on the whole case, and permit the trial judge to render a final judgment.
For the reasons assigned, it is ordered that the interlocutory order herein appealed from be and the same is hereby set aside, and it is now ordered that the case be remanded to the district court to be proceeded with according to law and the views herein expressed; plaintiff and appellee to pay the cost of the appeal, and all other cost to await the final determination of the case.