288 So.2d 88 (1974)
Federico P. MARTINEZ
v.
Saul SILVERMAN.
No. 5936.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
*89 Daniel L. Morrow, Gretna, for plaintiff-appellee.
John M. Coman, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and MARCEL, JJ.
SAMUEL, Judge.
This is an action for nullity of judgment. Saul Silverman, plaintiff in this action and defendant in the original suit, seeks to nullify a default judgment rendered against him on March 14, 1972. After a trial on the merits, the lower court rendered judgment in favor of the present defendant, Federico P. Martinez, dismissing the suit for nullity. Silverman has appealed.
On December 15, 1969 Martinez filed suit for $990 against Silverman. On December 16, 1969 Deputy Sheriff Junior Chauvin made domiciliary service on Silverman at 728 Madison Street, Gretna, Louisiana. The return, in the usual printed form, states true copies of the petition and citation were served on Silverman "by leaving the same at his domicile in the Parish of Jefferson in the hands of Roy Smith a person of suitable age and discretion, living and residing in the said domicile whose name and other facts connected with this service I learned by interrogating the said Roy Smith, the said Saul Silverman, herein named, being temporarily absent from his domicile at the time of said service." A default judgment as prayed was obtained on March 14, 1972 and on September 14, 1972 personal service of notice of the judgment was made on Silverman in Orleans Parish.
This action for nullity of judgment was filed on September 27, 1972. It is based on the allegation that the December 16, 1969 domiciliary service on Silverman was deficient because on that date the premises located at 728 Madison Street was not his domicile. Shortly before trial the petition for nullity was amended to further allege Roy Smith, the person in whose hands copies of the petition and citation had been left, also was not domiciled at the Madison Street address when the service was made.
Only four witnesses testified at the trial: Silverman and Smith for the petitioner and Arthur G. Kingsmill, an attorney, and the deputy sheriff, Chauvin, for the defendant.
Silverman testified that on December 16, 1969 he was living with his father at 5941 Magazine Street, New Orleans, and had *90 resided there since Thanksgiving day, 1969 when he and his wife separated. His wife continued to live at 728 Madison Street, the matrimonial domicile, but they remained separate from that day and were divorced in May, 1972. On cross examination, he was confronted with his verified petition for divorce in which he had alleged he and his wife lived together as husband and wife from the date of their marriage until sometime in the month of January, 1970. He attempted to explain the contradiction by stating his attorney merely "retracted" back the necessary number of months in order to state a cause of action for divorce, and arrived at January, 1970 as a date of separation in this manner. However, he was unable to explain why he was unable to furnish his attorney with such an obvious day as Thanksgiving, 1969 for the purpose of filing a divorce suit when he was able to remember it long afterwards at the trial of this case.
Roy Smith, Silverman's stepson and former employee, also testified on behalf of Silverman. He stated that neither he nor Silverman resided at 728 Madison Street on December 16, 1969. However, his other testimony casts doubt on this statement. He admitted he had resided with his mother and stepfather at that address in 1969 but said he had moved to another address prior to December 16. He also admitted he had a key to the Madison residence, kept clothes at that address, and slept there several nights a week during the time in question. He was the only one at 728 Madison Street on December 16, 1969 when Deputy Chauvin arrived. He testified he then lived with a friend in a trailer. The record discloses that on May 19, 1970 Deputy Chauvin again served him with a judgment debtor rule filed against Silverman in another matter. Moreover, Silverman admitted he could not state Smith in fact was not domiciled at the Madison Street address on December 16, 1969. Thus, there is no evidence whatsoever corroborating Smith's testimony as to Smith's domicile on December 16.
Mr. Kingsmill, the attorney, identified a letter which he wrote to Silverman, dated March 25, 1970, informing the latter he no longer wished to represent him in the present matter and in another matter, both of which were brought to him for representation in January, 1970. At the time of Silverman's contact with Kingsmill, he gave Kingsmill the Madison Street address.
Deputy Sheriff Chauvin testified that on December 16, 1969 he served the citation and petition in this suit at the Madison Street address and that service was made on Smith at approximately 5 p. m. At that time Chauvin interrogated Smith and the latter told Chauvin that both he (Smith) and Silverman lived at the Madison Street address. Deputy Chauvin further related an incident in 1965 in which he attempted service on Silverman at the Madison Street address, was informed that Silverman lived in New Orleans, and subsequently, after waiting all night and after seeking the assistance of the Gretna City Police, served Silverman as he attempted to flee the Madison Street address.
Finally, there is evidence in the record showing that process in at least one other suit was served on Silverman at the Madison Street address during this time period, which service was not contested.
The return on a citation must be considered prima facie correct.[1] Moreover, official returns of public officers sworn to properly serve process are given great weight, and the burden rests on those who attack the returns to establish their incorrectness. Our settled law is that the burden of proving such incorrectness can only be met by clear and convincing proof of error in the recitals and that a return cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer, *91 or by the uncorroborated testimony of another individual witness.[2]
In the present case, Smith's testimony relative to his residence at the time of the service in question is without corroboration of any kind. As to Silverman, his testimony is essentially destroyed by his verified allegation in the divorce suit, the giving of the Madison Street address to his attorney, and his acceptance of service in other suits at that address after December 16, 1969. The record leaves much to be desired with regard to the veracity of both Silverman and Smith. This point was emphatically made by the trial judge and we are in agreement therewith.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] LSA-C.C.P. Art. 1292.
[2] Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4; Guedry Finance Co. v. Breland, La.App., 192 So.2d 884; Smith v. Crescent Chevrolet Co., Inc., La.App., 1 So. 2d 421.