336 So.2d 931 (1976)
LEAGUE CENTRAL CREDIT UNION
v.
Victor P. GAGLIANO.
No. 7382.
Court of Appeal of Louisiana, Fourth Circuit.
July 29, 1976.
Joseph A. Barreca, New Orleans, for plaintiff-appellant.
Edward S. Bopp, Arabi, for defendant-appellee.
Before REDMANN, LEMMON, STOULIG, MORIAL, and BEER, JJ.
BEER, Judge.
Victor P. Gagliano, defendant-appellee, instituted an action of nullity seeking to void a default judgment (on a promissory note) obtained against him by plaintiff-appellant, League Central Credit Union. From a judgment of nullity, League Central prosecutes this appeal. We reverse.
Gagliano urged two grounds for voiding League Central's original judgment: (1) improper service of citation, and (2) inaction by his original attorney which precipitated the default judgment and thus constituted "ill practices."
The testimony of Gagliano and his niece is, in our view, insufficient to support either of his contentions.
Though domiciliary service of the original petition was made on Mrs. Gagliano at 1008 Cougar Drive in Arabi on May 8, 1967, Gagliano claims to have separated from his wife on January 14, 1967 and never returned.[1] *932 He claims to have first learned of League Central's suit against him from an unidentified third person who happened to see notice of it in a newspaper.
The return showing service is presumed to be correct and the burden rests on the one attacking service of process to establish otherwise by clear and convincing evidence. Spinks v. Caddo-Bossier Service, 270 So.2d 604 (La.App.2nd Cir., 1972). A return cannot be impeached by uncorroborated testimony. Guedry Finance Co., Inc. v. Breland, 192 So.2d 884 (La.App.4th Cir., 1966). As noted by Supreme Court in Canterberry v. Slade Bros., 232 La. 1081, 96 So.2d 4 (1957):
". . .a rule has developed which requires more than the uncorroborated evidence of a single witness to overcome the presumption attached to the correctness of the return on process made by a sworn officer."
Gagliano further argues that he is entitled to relief from the original judgment because of certain actions (or inactions) on the part of his original attorney which he claims constitute "ill practices" under LSA-C.C.P. Article 2004.[2]
The evidence does not, however, indicate the existence of circumstances constituting "ill practices." Gagliano's complaint that his first attorney failed to get the matter "straightened out" after being appraised by Gagliano of the relevant facts is rejected by us as constituting "ill practice." Gagliano's self-serving testimony on the issue is, at best, inconclusive and vague. What actions, if any, his original attorney took (or failed to take) in his behalf is not indicated in the record. His original attorney was not called to testify. Certainly, the mere fact of a default judgment does not necessarily indicate "ill practices" and we conclude that Gagliano failed to offer sufficient credible evidence to support his contention in this regard.
Accordingly, the judgment of the Twenty-Fifth Judicial District Court for the Parish of St. Bernard dated May 21, 1975 is reversed, nullified, and set aside. The judgment of the Twenty-Fifth Judicial District Court for the Parish of St. Bernard dated January 30, 1968 is reinstated and now becomes the judgment of this court.
Costs of this appeal are to be borne by defendant-appellee, Victor P. Gagliano.
REVERSED AND RENDERED.
REDMANN, J., dissents for the reasons assigned by LEMMON, J.
LEMMON, J., dissents with written reasons.
LEMMON, Judge (dissenting).
Gagliano testified that he moved from 1008 Cougar Drive in Arabi in March, 1967 and that when domiciliary service was made there on his estranged wife two months later, he was living at 51 East Carolina in Chalmette. Thus, the place of domiciliary service was not his usual place of abode. C.C.P. art. 1234.
His niece completely corroborated this testimony, and their consistent and uncontroverted testimony was apparently found credible by the trial judge. This evidence supports the conclusion that the defendant "has not been served with process as required *933 by law", and C.C.P. art. 2002 requires that the judgment "shall be annulled".[1]
Furthermore, it is insignificant that Gagliano actually learned of the suit soon after filing and hired other counsel to defend it. Unless a general appearance is made, actual knowledge of the suit is not a substitute for the required service of process. See, by analogy, Nassau Realty Co. v. Brown, 332 So.2d 206 (La.1976), which held that actual knowledge of a judgment does not waive service of judgment required by C.C.P. art. 1913.
Finally, the record does not establish that Gagliano acquiesced in the judgment under C.C.P. art. 2003 by being in the parish at the time of execution without attempting to enjoin its enforcement. When the judgment creditor executed the judgment by filing garnishment proceedings, Gagliano immediately employed counsel, who filed the petition for nullity, which certainly constitutes an attempt to enjoin enforcement of the judgment. This affirmative action militates against any conclusion of acquiescence.
REDMANN, J., dissents for the reasons assigned by LEMMON, J.
NOTES
[1] Interestingly, Gagliano's Petition in Bankruptcy (introduced by his attorney) shows that it was filed on August 24, 1967, some 3½ months after the May 8th service and some 7½ months after his alleged separation. It contains the following sworn information: "The petition of Victor Paul Gagliano, Sr., S.S.No. XXX-XX-XXXX, residing at 1008 Cougar Street in Arabi, Louisiana . . ." In that same pleading, Gagliano not only swears that he resides at 1008 Cougar Street in Arabi, La., but further represents that he has resided there during the six-month period immediately preceding the filing of the bankruptcy petition.
[2] Also of interest is the fact that the attorney whom Gagliano now accuses of ill practice is the same attorney who Gagliano consulted shortly after the original petition was filed against him (notwithstanding his contention that he only heard about it from some acquaintance who had read about it in the newspaper).
[1] Although Gagliano was served with the notice of the signing of the default judgment, the judgment had already been rendered, and since evidence was necessary to show lack of service of process, an appeal would not have availed Gagliano to urge this deficiency.

The effect of service of the notice of judgment was simply to start the appeal time running. There was no effect on Gagliano's right to urge the deficiency in a timely action for nullity.