WARE, Judge.
This action of nullity was brought by appellant, Dennis Roper, to annul a default judgment rendered against him in a tort suit instituted by appellee, Pamela J. Dai-ley. From a judgment of the district court upholding the judgment and dismissing his suit, he appeals. We affirm.
On June 14, 1977, appellee brought a tort suit against appellant to recover damages for injuries allegedly sustained as a result of a battery he committed on her. The suit, which was titled “Pamela J. Dailey v. Dennis Roper”, was filed in the Fourteenth *68 Judicial District Court in and for Calcasieu Parish, Louisiana and assigned the docket number 77-2439. The entire record of the proceedings in that suit was introduced into evidence in the instant suit by appellant.
A review of that record shows that a copy of appellee’s petition and a citation were forwarded to East Baton Rouge Parish, appellant’s domicile, to be served through its sheriff’s department. On June 15, 1977, a return on the citation was made which read:
“Upon receiving a certified copy of the within process, I did, on the 15th day of June, 1977, serve said copy on the within named defendant in this Parish of East Baton Rouge, State of Louisiana, by tendering said copy to the within named defendant in person at WBRZ-TV station, 1650 Highland Road.”
The return bore the signature of Sidney J. Williams, Deputy Sheriff of the Parish of East Baton Rouge, Louisiana.
No answer was filed in the record by appellant, and on July 31, 1978, appellee obtained a default judgment against him. Appellant was served with notice of the default judgment. On the following day he filed a motion for a new trial, alleging as grounds that there had not been service of process, as a result of which he did not have fair notice of the proceedings against him. The motion was heard and denied, the trial judge concluding that LSA-R.S. 13:3471(5) precluded an attack on the sheriff’s return after judgment had been rendered by any means other than a direct action to annul the judgment.[1]
Appellant then brought this action to annul the judgment on the grounds that (1) he was not properly served with process as required by law, and (2) the evidence presented by appellee was insufficient ‘to support a valid default judgment. The trial court found that he had failed to prove his right to have the judgment annulled on either basis. On appeal, he argues that that finding is clearly erroneous.
Lack of service of process on a defendant, such as appellant, who has not made a general appearance, is a proper basis for annulling a judgment. LSA — C. C.P. Art. 2002 provides in pertinent part:
“A final judgment shall be annulled if it is rendered:

(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; . . . ”
The law applicable to the burden of proving lack of service when there has been a return of citation was correctly summarized by the trial court as follows:
“A return of citation is prima facie evidence of service. La.C.C.P. Arts. 324, 1292; La.R.S. 13:3471(5); Hood Motor Company, Inc. vs. Lawrence, 334 So.2d 460 (La.App. 1 Cir. 1976) Writ Denied, 338 So.2d 288; Martinez vs. Silverman, 288 So.2d 88 (La.App. 4th Cir. 1974); Smith vs. Crescent Chevrolet Co., 1 So.2d 421 (La.App. 1st Cir. 1941). The return of the officer on the citation is given great weight and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Canterberry vs. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957); League Central Credit Union vs. Gagliano, 336 So.2d 931 (La. App. 4th Cir. 1976); Spinks vs. Caddo-Bossier Services, Inc., 270 So.2d 604 (La. App. 2d Cir. 1972). A return of citation cannot be impeached by the uncorroborated testimony of a single witness, Canterberry vs. Slade Brothers, supra; League Central Credit Union vs. Gagliano, supra; Guedry Finance Company vs. Breland, 192 So.2d 884 (La.App. 4th Cir. 1966), and it cannot be impeached by the *69 uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Canterberry vs. Slade Brothers, supra; Hood Motor Company, Inc. vs. Lawrence, supra; Guedry Finance Company vs. Breland, supra; Smith vs. Crescent Chevrolet Co., supra; Martinez vs. Silverman, supra; Sims vs. First National Bank of Ruston, 177 La. 386, 148 So. 505 (1933); Logwood vs. Logwood, 185 La. 1, 168 So. 310 (1936).”
Appellant testified at the trial that service of process was not made on him as shown on the return of the citation. The only other witness was Deputy Sheriff Williamson. He testified that he could not recall personally serving appellant and that he could not recall ever having met him until sometime subsequent to the entry of the default judgment. He also testified that on some occasions when he found it necessary to serve citations at places of business, he would contact the person to be served by telephone and obtain permission to leave the citation with a secretary or receptionist. The Deputy Sheriff’s testimony was objected to on the grounds that appellant was attempting to offer testimony by an officer to contradict his official return on a citation, and was heard by the court subject to the objection.
The testimony of an officer is ordinarily inadmissible if it would vary, contradict and break down his official return on a citation, although the officer can testify to incidental and collateral facts in support of his return and in order to show the validity of his acts. Smith v. Crescent Chevrolet Co., 1 So.2d 421 (La.App. 1st Cir. 1941); Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54 (1903); Adler v. Board of Levee Commissioners, 168 La. 877, 123 So. 605 (1929). In any event, we believe that the testimony of the Deputy Sheriff, when read as a whole, supports the trial court’s finding that service was properly made on appellant. We agree that appellant has not borne his burden of proving lack of service of process by the clear and convincing evidence needed to rebut the presumption of validity attached to the serving officer’s return.
For the foregoing reasons, the judgment appealed is affirmed. All costs of this appeal are assessed against appellant, Dennis Roper.
AFFIRMED.

. LSA-R.S. 13:3471(5) provides:
“The return of the serving officer on any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may be brought in the original action or proceeding.”