393 So.2d 85 (1980)
Daniel ROPER
v.
Pamela J. DAILEY.
No. 67019.
Supreme Court of Louisiana.
September 3, 1980.
On Rehearing January 26, 1981.
Donald Ensenat, G. Michael Bourgeois, Camp, Carmouche, Palmer, Barsh & Hunter, New Orleans, for plaintiff-applicant.
Kenneth Michael Wright, Nathan A. Cormie & Associates, Lake Charles, for defendant-respondent.
DENNIS, Justice.
In this review of an action to annul a judgment we are called upon to decide whether the plaintiff, Dennis Roper, bore his burden of proving lack of service of process by the clear and convincing evidence needed to rebut the presumption of validity attached to a serving officer's return. We conclude that plaintiff did not carry his burden of proof and affirm the court of appeal, 379 So.2d 67, and trial court decisions rejecting his action of nullity.
The present case arises from a judgment obtained in a previous suit. Pamela J. Dailey instituted a tort suit against Dennis Roper in the Fourteenth Judicial District Court, Parish of Calcasieu. In this action she sought to recover damages for injuries *86 allegedly sustained as a result of a battery committed on her by Roper. A copy of Dailey's petition and a citation were forwarded to East Baton Rouge Parish, Roper's domicile, for service by the sheriff. The return of the citation, dated June 15, 1977, indicates that personal service was made on Roper at his place of employment in Baton Rouge.
Thereafter, Roper having filed no answer in the record, a default judgment was confirmed against him on July 31, 1978. Shortly after receiving notice of the judgment Mr. Roper filed a motion for a new trial, alleging that he never was served with notice of the suit filed against him by Pamela Dailey. The trial judge denied the motion on the ground that the proper procedural vehicle for a post-judgment attack based on lack of service is an action to nullify the judgment. See La.R.S. 13:3471(5).
This action of nullity followed on August 16, 1978, in which Roper alleged that he was not properly served with process as required by law, and that the default judgment was based on insufficient evidence. The trial court found, and the court of appeal agreed, that Roper did not prove his case on either basis. We granted a writ of certiorari, 382 So.2d 166, to decide whether the court of appeal erred in finding that (1) the presumption of validity attached to the serving officer's return was not rebutted by clear and convincing evidence proving lack of service of process, and (2) the testimony of the serving officer, when read as a whole, supported the trial court's finding that personal service on Roper was accomplished pursuant to statutory requirements.
As recognized by the court of appeal below, the trial court correctly summarized the law applicable to the burden of proving lack of service of process as follows:
"A return of citation is prima facie evidence of service. La.C.C.P. Arts. 324, 1292; La.R.S. 13:3471(5); Hood Motor Company, Inc. vs. Lawrence, 334 So.2d 460 (La.App. 1st Cir. 1976) writ denied, 338 So.2d 288, Martinez vs. Silverman, 288 So.2d 88 (La.App. 4th Cir. 1974); Smith vs. Crescent Chevrolet Co., 1 So.2d 421 (La.App. 1st Cir. 1941). The return of the officer on the citation is given great weight and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Canterberry vs. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957); League Central Credit Union vs. Gagliano, 336 So.2d 931 (La.App. 4th Cir. 1976); Spinks vs. Caddo-Bossier Services, Inc., 270 So.2d 604 (La.App. 2d Cir. 1972). A return of citation cannot be impeached by the uncorroborated testimony of a single witness, Canterberry vs. Slade Brothers, supra, League Central Credit Union vs. Gagliano, supra, Guedry Finance Company vs. Breland, 192 So.2d 884 (La.App. 4th Cir. 1966), and it cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Canterberry vs. Slade Brothers, supra; Hood Motor Company, Inc. vs. Lawrence, supra; Guedry Finance Company vs. Breland, supra; Smith vs. Crescent Chevrolet Co., supra; Martinez vs. Silverman, supra; Sims vs. First National Bank of Ruston, 177 La. 386, 148 So. 505 (1933); Logwood vs. Logwood, 185 La. 1, 168 So. 310 (1936)."
Furthermore, the rule has arisen in the jurisprudence that testimony of the serving officer is inadmissible if it would vary, contradict, and break down his official return of a citation, although the officer may testify to incidental and collateral facts in support of his return and in order to show the validity of his acts. Adler v. Board of Levee Commissioners, 168 La. 877, 123 So. 605 (1929); Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54 (1903); Smith v. Crescent Chevrolet Co., 1 So.2d 421 (1st Cir. 1941).
The major dispute in this case concerns testimony given by the serving officer which could arguably be construed to vary, contradict, or break down his official return of citation. Deputy Sheriff Sidney J. Williams, the serving officer, testified at trial that it was an occasional practice in East *87 Baton Rouge Parish to accomplish service of citation at a place of business by contacting the person to be served by telephone and obtaining his permission to leave the citation with a secretary or receptionist. He further testified (as could be expected because of the great number of citations served by any officer so employed) that he could not remember personally serving Roper, and that he could not recall ever having met him until sometime after the confirmation of the default judgment.
Roper contends that the officer's testimony reveals that service could have been made upon a secretary or receptionist, and if so, this would not constitute personal service pursuant to La.C.C.P. art. 1232, which provides: "Personal service is made when a proper officer tenders the citation or other process to the person to be served."
We agree that such a method of service would not constitute a tender "to the person to be served" as required by the article. In addition, we do not view the rule which disallows negative testimony by the serving officer to be so inflexible as to preclude information that may establish a pattern or practice of service at variance with statutory requirements. The officer should be able to explain to the court the underlying mode of operation which results in the return of a citation. It is then for the court to decide whether that mode of operation complies with the law of service of process.
Giving weight to the officer's testimony which indicates that service could have been accomplished by less than full compliance with the requirements of personal service, we still do not find that Roper has brought forth clear and convincing evidence to impeach the officer's return of the citation. The officer did not testify that there was no personal service on Mr. Roper; rather, he disclosed that a return of the citation indicates he handed Roper the citation or he left the citation with a secretary or receptionist after obtaining Roper's permission. The only other witness was Roper, who steadfastly denied ever being served himself. We cannot say that this denial was sufficiently corroborated by the officer's understandable difficulty in recalling the facts related to this particular return. Unfortunately for his case, Roper produced no other witnesses to add weight to the possibility that there was improper service. We cannot find from the evidence before us that the trial judge or court of appeal erred in finding the plaintiff did not meet his burden of proof.
For the foregoing reasons, the judgments of the trial court and the court of appeal are affirmed.
AFFIRMED.
CALOGERO and LEMMON, JJ., dissent and assign reasons.
CALOGERO, Justice, dissenting.
I am of the opinion that plaintiff in this case made a sufficient showing that he was not personally served with the petition in the earlier suit. He is therefore entitled to a judgment of nullity.
LEMMON, Justice, dissenting.
A party can be served at his place of business only by personal service, and service on the party's secretary is not personal service.
The officer admitted that when he had to serve a party at the party's place of business, he frequently called the party and obtained permission to leave the citation and petition with the secretary.
The officer's admission itself defeated the presumption of validity of the officer's return. And defendant's testimony that he was never served established that fact by a preponderance of the evidence.
The judgment denying the petition for nullity should be reversed.

ON REHEARING
LEMMON, Justice.
Upon reconsideration we conclude that Dennis Roper proved, by a preponderance of the evidence, that he was not served with citation, and we accordingly hold that he is entitled to a judgment declaring the nullity *88 of the default judgment in the original action.
The return of citation, upon which the default judgment was based, indicated personal service on Roper at his place of business. A party can be validly served at his place of business only by citation served on the party personally, and Roper testified at the trial of the nullity that he was never served and never received the citation.
On the other hand, the serving officer testified that while he had no independent recollection of the facts surrounding the service and return of citation in this case, he frequently served a party at his place of business by calling ahead and obtaining permission to leave the citation with a secretary or receptionist.
The plaintiff in a nullity action has the burden of proving his case by a preponderance of the evidence. There is a preponderance when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (La.1971).
While the recitation on the return of citation is presumed to be correct, the presumption is rebuttable. Roper's testimony, standing alone, may not be sufficient to tip the scales in his favor. However, the serving officer's testimony indicates that if he followed his frequent method of making "personal" service at a party's place of business, he very well may not have served Roper personally. Furthermore, as soon as Roper was notified of the default judgment, he employed counsel and took immediate action, and there are no other circumstances which raise inferences contrary to Roper's testimony.[1]
Taking the evidence in the nullity action as a whole, we conclude that, more probably than not, the serving officer did not serve the citation on Roper personally.
Accordingly, the judgments of the lower courts in the nullity action are reversed, and judgment is now entered declaring the nullity of the judgment rendered by default on July 31, 1978. Court costs in all courts are assessed to Pamela Dailey.
WATSON, J., concurs, being of the opinion that the trial court should have granted the motion for new trial.
DIXON, C. J., dissents.
DENNIS, J., dissents with reasons.
NOTES
[1] For example, in Canterberry v. Slade Bros., 232 La. 1081, 96 So.2d 4 (La.1957) the plaintiff in that nullity action involving title to land waited 21 years to bring the action. He did not occupy or pay taxes on the land in the meantime, and oil had been discovered. The court held that plaintiff's testimony did not overcome the recitation on the return of service.