410 So.2d 1177 (1982)
Eddie A. WILSON, Plaintiff-Appellant,
v.
MFA SECURITY SERVICE COMPANY, Defendant-Appellee.
No. 8619.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
*1178 Guillory & McCall, William T. McCall, Lake Charles, for plaintiff-appellant.
Plauche, Smith, Hebert & Nieset, Frank M. Walker, Jr., Lake Charles, for defendant-appellee.
Before DOMENGEAUX, DOUCET, and LABORDE, JJ.
DOMENGEAUX, Judge.
This is an action of nullity instituted by plaintiff-appellant Eddie A. Wilson, seeking to void a default judgment (on a promissory note) obtained against him by defendant-appellee MFA Security Service Company (MFA). From a judgment of dismissal by the district court, plaintiff has appealed. We affirm.
Plaintiff contends that the trial court erred in finding that he did not bear his burden of proof establishing that he was not served with process as required by law, and in holding that he was not entitled to judgment declaring the default judgment in the original proceedings to be a nullity.
On October 10, 1980, a suit was instituted by MFA against Eddie A. Wilson and his former wife, Rebecca B. Wilson, to recover on a promissory note. The original petition was entitled "MFA Security Service Company v. Eddie A. Wilson and Rebecca B. Wilson," and was filed in the office of the Clerk of Court in and for Calcasieu Parish, Louisiana, bearing docket number 805428. A citation was prepared to be served on the defendants in that suit through the Calcasieu Parish Sheriff's Office and on October 14, 1980, Calcasieu Parish Sheriff's Deputy T. H. DeLaureal made a return on the citation bearing his signature which recited:
"Received the within Citation, together with a certified copy thereof and a certified copy of the accompanying petition, on the 13th day of October, 1980 and on the 14th day of October, 1980, I served said copies on the within named defendant, E. Wilson, by delivering the same to him in person, in the Parish of Calcasieu, about 0 miles distant from the Court House of said Parish."
The citation and accompanying petition for Rebecca B. Wilson were returned to the record with the citation return indicating that Deputy DeLaureal was unable to locate her. No answer or other pleading were filed in the record of suit number 805428 by Eddie Wilson, and on November 21, 1980, a default judgment was confirmed against him and in favor of MFA in the amount of $7,609.53, plus legal interest and attorney's fees.
Subsequently defendant was summoned to appear in court on February 9, 1981, to be examined as a judgment debtor. This action of nullity followed on February 12, 1981, in which plaintiff alleged that he was *1179 not properly served with process as required by law. The trial judge found that plaintiff failed in his evidence to overcome the strong jurisprudential presumption that the Sheriff's recitation on the return of citation is correct.
The law applicable to the burden of proving lack of service of process was stated in Roper v. Dailey, 393 So.2d 85 (La.1980), as follows:
"A return of citation is prima facie evidence of service. La.C.C.P. Arts. 324, 1292; La.R.S. 13:3471(5); Hood Motor Company, Inc. v. Lawrence, 334 So.2d 460 (La.App. 1st Cir. 1976) writ denied [La.], 338 So.2d 288; Martinez v. Silverman, 288 So.2d 88 (La.App. 4th Cir. 1974); Smith v. Crescent Chevrolet Co., 1 So.2d 421 (La. App. 1st Cir. 1941). The return of the officer on the citation is given great weight and the burden rests on the party attacking it to establish otherwise by clear and convincing evidence. Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957); League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4th Cir. 1976); Spinks v. Caddo-Bossier Services, Inc., 270 So.2d 604 (La.App. 2nd Cir. 1972). A return of citation cannot be impeached by the uncorroborated testimony of a single witness, Canterberry v. Slade Brothers, supra, League Central Credit Union v. Gagliano, supra, Guedry Finance Company v. Breland, 192 So.2d 884 (La.App. 4th Cir. 1966), and it cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Canterberry v. Slade Brothers, supra; Hood Motor Company, Inc. v. Lawrence, supra; Guedry Finance Company v. Breland, supra; Smith v. Crescent Chevrolet Co., supra; Martinez v. Silverman, supra; Sims v. First National Bank of Ruston, 177 La. 386, 148 So. 505 (1933); Logwood v. Logwood, 185 La. 1, 168 So. 310 (1936).
Furthermore, the rule has arisen in the jurisprudence that testimony of the serving officer is inadmissible if it would vary, contradict, and break down his official return of a citation, although the officer may testify to incidental and collateral facts in support of his return and in order to show the validity of his acts. Adler v. Board of Levee Commissioners, 168 La. 877, 123 So. 605 (1929); Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54 (1903); Smith v. Crescent Chevrolet Co., 1 So.2d 421 (1st Cir. 1941)."
Plaintiff, his roommate, John Gelt, and the serving deputy, Deputy DeLaureal, were the only witnesses to testify at trial. Plaintiff testified that he had spoken with Deputy DeLaureal by phone and was informed that MFA had filed suit, but he was never personally served with a copy of the petition for that suit. Plaintiff alleges that he and Deputy DeLaureal discussed the possibility of arranging a time and place where service could be perfected, but no agreement was reached. According to plaintiff, a few days after speaking with Deputy DeLaureal over the phone he discovered the yellow true copy of the citation in his mailbox, but there was no petition attached.
Deputy DeLaureal testified that he personally served plaintiff at his residence by actually handing the service and citation to him. Deputy DeLaureal further testified that he always perfected personal service to a party at their residence by personally serving the documents, and only after so doing does he indicate such in his recitation on the return of citation.
Plaintiff's roommate's testimony was not focused on the matter of service of the petition in the first suit. Mr. Gelt's testimony relates solely to the service of the motion to examine judgment debtor, the context and relevancy of which will be further discussed below.
Plaintiff contends that the facts presented here are not unlike those contained in Roper, supra, and therefore, the trial court erred in finding that he failed to rebut the presumption of validity of service. We do not agree.
In Roper, as here, the sole issue was whether or not the plaintiff in that case adequately rebutted the presumption of validity of the officer's recitation on the return of citation. The trial judge found, and *1180 we think correctly, that Roper is distinguishable on its facts. In Roper the serving officer attempted to serve Roper at his place of business. Roper denied personal service, and the serving officer admitted that frequently, when he was serving a party at his place of business, he simply left the citation with a secretary or receptionist. The record in Roper clearly showed that the serving officer had no idea as to how to properly effect the type of personal service which he had attempted to effect on that defendant. The officer in Roper had purportedly served Roper at his place of business, and the record in that case showed that the officer had demonstrated a prior history of improperly serving other defendants at their place of business. Our Supreme Court held that under those facts the serving officer's testimony indicated that if he followed his frequent method of "personal" service at a party's place of business, he very well may not have served Roper personally. In so finding the Supreme Court held that under those circumstances the presumption of correctness of the officer's recitation on the return of citation had been sufficiently rebutted.
This is not the situation here. The service return herein shows that plaintiff was personally served at his residence at 1125 Illinois Street in Lake Charles, Louisiana. Plaintiff clearly admitted that this was the proper address for his residence at that time. Deputy DeLaureal testified that his understanding of the proper method to serve a person at his residence was to actually hand the service and citation to the person to be served. He testified that he spent ninety percent of his work time serving papers and estimated that he served from 125 to 150 papers per week. The deputy said that he had been so employed for approximately ten months, and during this entire period, the only time he had ever attempted to serve someone personally at their residence without actually handing the papers to that person was on one isolated occasion when an attorney specifically requested that he place the served documents in a mailbox.
It is true that the deputy's trial testimony showed that he, like the officer in Roper, did not have a proper understanding of how to serve a defendant at his place of business, since the Deputy thought that such service could be effected by handing the papers to a secretary or receptionist. However, Deputy DeLaureal did not try to serve plaintiff at his place of business, he served him at his residence. There is no evidence that this deputy had evidenced a history of improper residential service. In fact, the only evidence introduced to rebut the Deputy's testimony relative to the method of service in the first suit was the testimony of the plaintiff, which by itself cannot be used to impeach the deputy's return of citation. Canterberry v. Slade Brothers, supra; Hood Motor Company v. Lawrence, supra. Under these facts if Deputy DeLaureal followed his ordinary practice of making personal service at a party's residence, which he claims he did, he would have properly effected personal service on the plaintiff. The fact that this deputy might not have known how to effect service at a defendant's place of business is irrelevant since the service at issue here involves residential service.
The Roper decision stands for the proposition that if the process server demonstrates a prior history of improperly serving defendants by the method of which that defendant contends he was improperly served, then that will be considered as evidence in support of defendant's contention that he was not served. Those facts are simply not present in this case since plaintiff was served at his residence. The process server clearly demonstrated that he knew how to properly effect personal service at a party's residence, and there was no history of improper residential service.
John Gelt's (plaintiff's roommate) testimony was introduced in an effort to rebut Deputy DeLaureal's testimony concerning the Deputy's methods of properly effecting residential personal service. Mr. Gelt testified that the motion to examine judgment debtor was served on plaintiff by Deputy DeLaureal by leaving it in plaintiff's mailbox.
*1181 The trial judge, however, as the sole determiner of credibility, obviously gave greater weight to the testimony of the deputy who testified to the contrary. Furthermore, even if it were shown that service was improper for this motion, it does not necessarily follow that service of the petition in the first suit was accomplished in a like manner.
The plaintiff in a nullity action has the burden of proving his case by a preponderance of evidence. There is a preponderance of evidence, when the evidence, taken as a whole, shows that the facts sought to be proved are more probable than not. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (La.1971); Roper v. Dailey, supra. We have reviewed the record and find no manifest error on the part of the trial judge in concluding that plaintiff failed to prove by a preponderance of evidence that he was not properly served and cited with the petition in suit number 805428.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs at trial and on appeal are to be taxed against plaintiff-appellant, Eddie A. Wilson.
AFFIRMED.