COVINGTON, Judge.
This action of nullity was brought by appellant, David A. Sheffield d/b/a J-L Petroleum Services, as a motion for new trial and petition to annul a default judgment rendered against him in a suit on an open account instituted by appellee, Kem-Search, Inc. From a judgment of the trial court upholding the judgment, denying the motion for a new trial and dismissing the claim for annulment, David A. Sheffield has appealed. We affirm.
On February 29, 1980, Kem-Search, Inc. brought a suit against David A. Sheffield d/b/a J-L Petroleum Services to collect the sum of $56,021.35 for certain petroleum products allegedly sold to Sheffield on a verified account attached to the petition. The record reflects that personal service was made on David Sheffield on March 18, 1980. Sheffield filed no answer or responsive pleadings. Thereafter, on May 22, 1980, a preliminary default was taken in the suit. The transcript in the record shows that no answer or opposition was filed by *221 Sheffield as of June 12, 1980, when the matter was brought up on confirmation. The claim was duly proved, and the trial court rendered judgment confirming the default on June 12,1980, and judgment was signed on June 17, 1980. Thereafter, in September, 1980, Sheffield sought, pursuant to LSA-R.S. 13:3471(5)[1] to annul the judgment, claiming that he was not personally served with the petition, but received it from the telephone message box at his receptionist’s desk when he returned to the office on the particular date of the purported service.
A hearing was held on December 8, 1980, in which Sheffield, his wife, Linda Sheffield (a part-time secretary), Allen Sasang, accountant for J-L Petroleum, and Patricia Long and Faye Williams, secretaries, testified, with Michael R. Connelly, counsel for Kem-Search, being called on cross-examination. Various letters and the sheriff’s return were filed as exhibits. After the hearing, the judge took the matter under advisement. On February 17, 1981, Judge Dufreche rendered the following opinion:
“OPINION
“A careful review of the evidence and the information contained in the memo filed on the part of each party convinces the Court that the Default Judgment was properly taken.
“The Court found no real evidence of fraud or ill practices on the part of Plaintiff or its attorney. On the other hand Mr. Sheffield was grossly negligent in the way he represented himself in this matter.
“The Court was not favored with the testimony (or a deposition) of the Deputy Sheriff who made the service. The return showed ‘Personal Service’ which was contradicted by Mr. Sheffield’s testimony only. The Court does not believe that the testimony of Mr. Sheffield alone would overcome the great weight given by the law to the returns of those authorized to serve documents and make returns.
“The Court is of the further opinion that the proof submitted on confirmation of the default was sufficient.
“The Court will sign a Judgment denying the motion for new trial and dismissing Defendant’s claim for annulment.”
Then, on March 3, 1981, the trial judge rendered the judgment denying Sheffield’s motion for a new trial and dismissing his “suit to amend [sic] the judgment.”
The sheriff’s return on a citation, when received by the clerk of court, forms a part of the record of the suit; and is considered prima facie correct. LSA-C.C.P. art. 1292; Hood Motor Company, Inc. v. Lawrence, 334 So.2d 460 (La.App. 1 Cir. 1976), writ denied, 338 So.2d 288 (La.1976). The return of the officer on the citation is given great weight; the burden of proof is on the party attacking the return to establish by a preponderance of the evidence that the return is incorrect. Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957); League Central Credit Union v. Gagliano, 336 So.2d 931 (La.App. 4 Cir. 1976). A return cannot be impeached by the uncorroborated testimony of the party upon whom service is recited as having been made by the officer. Martinez v. Silverman, 288 So.2d 88 (La.App. 4 Cir. 1974).
Considering the above law and after reviewing Sheffield’s uncorroborated testimony that he was not personally served, we find that he has failed to bear the burden of proving that he was not properly served (by personal service).
At the hearing, Sheffield offered his testimony and that of three witnesses, none of whom could corroborate his testimony that he had not been personally served. The three witnesses, Patricia Long, Faye Williams and defendant’s wife, Linda Sheffield, *222 were only able to testify (as secretaries) as to the way that pleadings and other court papers were generally served by the sheriff’s office on defendant’s office. The accountant referred to above testified about another service entirely. Such testimony is irrelevant to the matter at hand. As a lawyer, Mr. Sheffield probably receives many pleadings which concern matters he is handling for clients, and these may frequently be left with his receptionist. That has nothing whatever to do with this lawsuit. The pleadings and citation we are concerned with in the case at bar constituted a suit against Mr. Sheffield personally on a business matter. The record does not reflect that this citation (and pleadings) were served by that “frequent method” used by the sheriff’s office in cases handled by Mr. Sheffield as a lawyer.
In any event, none of the three witnesses could testify as to whether defendant was or was not personally served on March 18, 1980, with the pleadings and citations in this suit. Mrs. Long testified about some papers being brought to the office by a deputy on March 4, 1980, but she didn’t know what they were; in any case, the date of service in the instant case, according to the return was not March 4, 1980 (it was March 18, 1980).
We find nothing in the record to indicate that defendant’s witnesses were even in his office on the date he was actually served (personally) by the deputy sheriff of Rap-ides Parish. Their testimony does not corroborate Mr. Sheffield’s testimony that he was not served.
Defendant did not call as a witness the deputy sheriff who made the service and executed the return. Sheffield later (after the judge’s decision that he had failed to prove grounds for annulment, February 17, 1981) submitted what purports to be an affidavit of John M. Shevnin, a deputy sheriff, dated March 5, 1981.
Sheffield relies principally on Roper v. Dailey, 393 So.2d 85 (La.1981), on rehearing, for reversal of the trial judge. Cf. dissent of Dennis, J., 400 So.2d 898 (La.1981). While, under the peculiar facts of the Roper case, the Supreme Court did come around to holding that Roper bore his burden of proof that he had not been served as the return stated, the Court, nevertheless, adhered to the prior we(l-settled jurisprudence, reiterating that the challenger in a nullity action bears the burden of proving his case by a preponderance of the evidence, and presumably adhered to the age-old legal creed that credibility of witnesses should be primarily evaluated by the trier of fact. In any event Roper is factually distinguishable: the serving officer in the case at bar did not testify that his “frequent method” of making personal service was at a party’s place of business, as the officer in Roper testified. Furthermore, Mr. Sheffield’s actions throughout (after the service) were those of a defendant who had been served personally with papers in a lawsuit, not the actions of a person who is suddenly surprised to learn that a plaintiff has taken a judgment against him without any forewarning — all of the other circumstances in this case (contrary to Roper) “raise inferences contrary” to Sheffield’s testimony. We conclude, taking the evidence as a whole, that Sheffield failed to offer sufficient credible evidence to support his contentions and that he did not prove by a preponderance of the evidence that he was not personally served with the citation.
As the trial judge stated, Mr. Sheffield did not prove his allegations that the actions of plaintiff’s counsel, Mr. Connelly, in obtaining the default judgment, constituted ill practices or fraud.
Consequently, we amend the judgment dated March 3, 1981, to change the word “amend” in the first decretal paragraph to “annul” and, as thus corrected we affirm the judgment of the trial court at appellant’s costs.
AFFIRMED.

. LSA-R.S. 13:3471(5):
“The return of the serving officer on any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if máde prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may be brought in the original action or proceeding.”