DOMENGEAUX, Judge.
This appeal follows the trial court’s dismissal of a suit to make judgment exec-utory and for garnishment. The issue in this ease is whether the defendant and appellee, Charles Bell, was properly served with citation and process in the original suit against him, and whether the default judgment taken against him on the basis of that citation and service should have been made executory in the court below.
FACTS
Charles Bell is a resident of Concordia Parish who purchased building materials from Terry, Inc. for use in certain housing projects in Catahoula Parish. Terry sued Bell in Catahoula Parish for alleged nonpayment of his account. The creditor requested service to be made on the debtor by the Sheriff of Concordia Parish. After return of the citation by the Sheriff of Concordia Parish, Terry obtained a default judgment in Catahoula Parish against Bell.
Terry then brought the Catahoula Parish judgment to Concordia Parish to have it rendered executory. Bell opposed this action alleging the Catahoula Parish judgment to be a nullity because of improper citation and service. The trial court in due course dismissed appellant’s petition.
There are a number of subsidiary issues in this case but they are all contingent upon the outcome of the principal issue relating to the validity of the citation and service.
The citation and service in this case was addressed to Bell at P.0. Box 190, Ferri-day, Louisiana, despite the fact that Bell had listed 419 S. 8th Street with Terry as his permanent address. The officer charged with serving the citation, Deputy Hendricks, was acquainted with Bell who had previously been a deputy sheriff also. Since the citation was addressed to a post office box, Deputy Hendricks attempted to serve the citation where he felt he was most likely to find Bell; that is, at the home of one “Dorothy”. Dorothy’s home is located on 9th Street. When Dorothy told the deputy that Bell was not at home and that she was his wife, Deputy Hendricks attempted domiciliary service by serving the papers on Dorothy.
After the ensuing default judgment was confirmed, a second deputy was chosen to serve the notice of judgment on Bell. The notice of judgment was served on Dorothy in the exact same manner as the original citation.
At the trial to make the Catahoula Parish judgment executory, both deputies stated that they were acquainted with Bell, that they knew him to be married, and that he could always be found at “his home” on 9th Street. However, the deputies admitted that they had never been into “Bell’s house” on 9th Street, had not observed him to spend a whole night there, and had *317 never seen evidence of his residence there (i.e., clothes in the closet, etc.). On the other hand, Bell testified at trial that he owned a house on 8th Street, that he had lived on 8th Street since 1976, that he lived by himself, and that he had not been married since 1972. Ms. Hawkins, a neighbor of Bell’s on 8th Street, corroborated Bell’s statements with her testimony that Bell lived alone and that she sees him park his truck in the driveway every evening and drive it away in the morning.
LAW
Appellant Terry admits herein that service upon the. appellee was not personal, and so relies on Article 1234 of the Code of Civil Procedure to establish domiciliary service. That Article states:
“Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment.” (Emphasis ours)
In dismissing Terry’s petition to make judgment executory, the trial judge determined that no valid domiciliary service was made. Specifically, the trial court held that Bell’s dwelling house and usual place of abode was on 8th Street, not on 9th Street with Dorothy. The appellant asks us to review the trial court’s decision. We have, and we find no error.
The party attacking the validity of a Sheriff’s return must prove insufficiency of service by clear convincing evidence. Roper v. Dailey, 393 So.2d 85 (La.1980); Wilson v. MFA Security Service Company, 410 So.2d 1177 (La.App. 3rd Cir.1982). Here, the trial judge was faced with conflicting testimony. Two witnesses (Bell and his neighbor) unequivocally testified that Bell’s usual place of abode was on 8th Street in a house owned by Bell; the two deputies testified to their acquaintance with Bell and their presumption that he lived on 9th Street with Dorothy.
Credibility determinations are the province of the trial court. When reasonable evaluations of credibility provide evidence which furnishes a reasonable factual basis for the trial court’s decision, this Court cannot disturb the judgment below in the absence of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find neither lack of factual basis for the trial court’s decision nor manifest error. Therefore, the judgment of the district court in favor of the appellee, declaring the Catahoula Parish judgment an absolute nullity and dismissing the appellant’s petition to make judgment executory, is affirmed.
All costs on appeal are to be taxed against the appellee, Terry, Inc.
AFFIRMED.