NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**07-1234**


**DELORIS POWELL, ET AL.**

**VERSUS**

**BROADWAY GROCERY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,167
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Michael G. Sullivan, Judges.


**AFFIRMED.**


**Jesse Phillip Terrell, Jr.**
**Attorney at Law**
**P.O. Box 3671**
**Pineville, La 71360**
**(318) 449-5656**
**Counsel for Defendants/Appellees:**
        **Khaled N. Abdelsalem**
        **Naemah Abdelsalem**

**Alphaeus L. Burton**
**Attorney at Law**
**5778 Goodland Trace**
**Alexandria, LA 71309**
**(318) 487-5204 (Ext. 208)**
**Counsel for Plaintiffs/Appellants:**
        **Deloris Powell**
        **Johnny Powell**

**Brian K. Thompson**
**Attorney at Law**
**2915 Jackson Street**
**Alexandria, LA 71301**
**(318) 473-0052**
**Counsel for Defendants/Appellees:**
     **Khaled N. Abdelsalem**
     **Naemah Abdelsalam**

**DECUIR, Judge.**

After a default judgment was entered against them, Khaled Abdelsalem and Naemah Abdelsalem, husband and wife, filed an action for nullity asserting that they had not been served with process and that the judgment in favor of the original plaintiffs, Deloris and Johnny Powell, was an absolute nullity. After affidavits and stipulations were entered into the record, the trial court ruled in favor of the Abdelsalems and granted the petition for nullity. For the following reasons, we affirm.

The facts in the record before us show that a personal injury suit was filed on January 20, 2006 against the Abdelsalems as owners of Broadway Grocery, Inc., where the plaintiffs were allegedly injured. Service of process was purportedly effected on March 3, 2006, as evidenced by two Sheriff's returns showing personal service on the Abdelsalems. No answer was filed in the record. On August 14, 2006, the plaintiffs confirmed a default judgment against the defendants: Broadway Grocery, Inc., Khaled Abdelsalem, Naemeh Abdelsalem, and Dennis Brass, an employee of Broadway Grocery.

The default judgment was served on the Abdelsalems on August 21, 2006. Three days later, they filed a motion for new trial, attached to which were affidavits stating that neither had been served with process and that Naemah had been in Israel on the date of purported service, March 3, 2006. In October of 2006, they filed the petition for nullity that is now before us for review.

A hearing was conducted, but in lieu of testimony, the parties stipulated as to what the witnesses would say on the stand. Without agreeing as to the truth of the statements, the parties agreed that the deputy sheriff who attempted service on the defendants would testify that he made service upon two people of Middle Eastern descent at an address on Mayflower Street which is owned by the Abdelsalems. The

deputy would further state that he could not pronounce the written names, but when he asked the gentleman of Middle Eastern descent if this was him, he said "yes" and signed his name. The parties further agreed that Naemah would testify in accordance with her affidavit and state that she was in Israel on March 3, 2006, as evidenced by "her Visa and her passport and other travel documents." No supporting documentation, however, was offered into evidence. Finally, the parties agreed that if Khaled were to testify, he would state that he was at work at the time of alleged service at his home and could support this assertion with documentation from his shop. He would further state that his son and his seventeen year old daughter-in-law who speaks no English were "obviously the recipients" of the service. The trial court considered the affidavits and stipulated testimony and concluded that personal service was never effected on either of the Abdelsalems.

Article 1292 of the Code of Civil Procedure characterizes the sheriff's return as prima facie proof of service of process. A party seeking to contest that proof must submit evidence showing that, more probably than not, service of process was not completed:

> According to this court's most recent pronouncement on the subject, the burden of persuasion that applies to a party seeking to overcome the rebuttable presumption afforded a completed sheriff's return of service by La.Code of Civ. Proc. art. 1292 is preponderance of the evidence. *Roper v. Dailey*, 393 So.2d 85 (La.1981). Accordingly, the party attacking service must prove that, more probably than not, proper service was not made. *Id.*, 393 So.2d at 88.

*Hall v. Folger Coffee Co.*, 03-1734, pp.6-7 (La. 4/14/04), 874 So.2d 90, 97. *See also, Handy v. Union Pacific R.R. Co.*, 04-1277 (La.App. 3 Cir. 3/2/05), 896 So.2d 316. In reviewing the evidence presented by the parties, the *Hall* court articulated the applicable manifest error standard of review:

> [D]etermination of whether a party challenging the validity of a sheriff's return of service has presented sufficient evidence to rebut the

2

presumption is a factual question . . . . Because the only issue in this case is a factual one, we find that the appropriate standard of review is the manifest error standard.

*Hall*, 874 So.2d at 98. After reviewing the evidence of service on CT Corporation, the defendant's professional agent for service of process, the *Hall* court reversed the court of appeal and reinstated the trial court judgment of nullity:

> Prior to this court's decision in *Roper*, the standard applied to determine whether a party had sufficiently rebutted the presumption of validity afforded a completed sheriff's return of service was "clear and convincing." However, this court imposed only a "preponderance of the evidence" standard in *Roper*. 393 So.2d at 88. Since *Roper*, the party attacking service must only prove that, more likely than not, service was not properly made. *Id*. Thus, the court of appeal should not have required that Folger show "for certain" that the service was not made, or show that it was *impossible* for service to have been made. So long as the district court assessing the evidence is satisfied that the party challenging the validity of service has shown by a preponderance of the evidence that service was not properly made, a default judgment may be declared absolutely null under La.Code of Civ. Proc. art. 2002(2). Further, in the absence of manifest error in the district court's finding on that issue, an appellate court may not reverse.

*Hall*, 874 So.2d at 105.

Similarly, in the case before us, the trial court was satisfied that the Abdelsalems showed by a preponderance of the evidence that service was not properly made, and the default judgment entered against them was declared absolutely null. Although a reading of the record shows how ill-advised stipulated testimony can be, we ultimately find no manifest error in the trial court's factual conclusion.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3