GREG G. GUIDRY, Judge.
|/The State of Louisiana, through the Department of Social Services, appeals the juvenile court ruling that nullified the default judgment confirmed against the Defendant, Merton Bailey, on October 27, 2003, and ordered him to undergo a blood test. For the reasons which follow, we affirm.
*200 On April 17, 2003, the State filed a Petition to Prove Paternity and Obtain Child Support on Behalf of Kayreen Storey and her child, SS [1] against the Defendant. According to the record, on May 7, 2003, an unsuccessful attempt was made to serve the Defendant with the petition at 1912 Julie Street, Marrero, LA 70072 (the Julie Street address). The return of the citation indicated “Evading Service. Someone Home!” On August 19, 2003, the return of the citation indicated Domiciliary Service at the Julie Street address on Sandra Bailey. On October 6, 2003, the Defendant did not appear at the Hearing to Prove Paternity, Obtain Child Support, and Show Cause Why Genetic Testing Should Not Be Ordered. He also did not file any responsive pleadings.
| oThereafter, on October 23, 2003, the State moved for a Preliminary Default on the main demand. The preliminary default was entered on October 27, 2006. On December 3, 2003, the Preliminary Default Judgment was confirmed. The confirmation granted a judgment of paternity recognizing the Defendant as the father of SS, and ordered the Defendant to pay child support to Ms. Storey in the amount of $155.00 per month. The record indicates that the Defendant was personally served with a copy of the judgment on January 13, 2004.
On November 14, 2006, the Defendant filed a pleading requesting genetic testing. He indicated that the opposing party was Kayreen Storey and the reason for the request was because he did not believe SS was his child. On November 28, 2006, the Defendant’s request for a blood test was granted by the hearing officer. The State objected and a disagreement hearing was set.
On December 4, 2006, the disagreement hearing was held. At the hearing, the only witness was the Defendant and he testified that he did not reside at the Julie Street address at the time the record reflected the Original Petition and Confirmation of Default were served there. He indicated he received mail at 1925 Betty St. The juvenile court judge stated that she believed the Defendant, that he did not live at the Julie Street address at the time domiciliary service was made, and, further, that the record supported the finding because there was nothing in the record indicating that the Defendant did reside at the Julie Street address. The juvenile court, by minute entry, affirmed the hearing officer’s ruling and ordered the blood test.
On December 13, 2006, the State filed a motion for new trial. The State argued that the court erred by granting the request for a blood test because the matter had been finally resolved by the confirmation of the default judgment on |4January 13, 2004. The State argued further that the only way to attack the default judgment was by a motion to annul the judgment filed under La. C.C.P. art. 2002.
Thereafter, on January 25, 2007, the juvenile court judge issued a written judgment in the case. The judgment ordered the default judgment “nullified for lack of service under L.[sic]C.C.P. art. 2002(A)(2).” The judgment further ordered that the Defendant’s request for genetic testing to prove paternity was granted. The motion for new trial is marked “DENIED.” The State appeals.
On appeal, the State argues that it was the Defendant’s burden to prove by a preponderance of the evidence that the sheriffs return of service was incorrect and that the Defendant did not, solely by his testimony, meet his burden.
*201 In Hall v. Folger Coffee Co., 03-1734 (La.4/14/04); 874 So.2d 90, the Louisiana Supreme Court set out the following method for determining a Nullity Action based on insufficient service of process:
1. The trier of fact must determine the existence of the “predicate fact”— i.e., whether the record contains a completed sheriffs return of service.
2. If the predicate fact exists, the trier of fact must draw the inference created by the legislature — i.e., that the sheriffs return of service is valid.
3. The party attacking the validity of the sheriffs return of service must be allowed to present “appropriate evidence” to controvert or overcome the presumption created by the first two steps.
4. The trier of fact must determine whether it is persuaded by the controverting evidence of the nonexistence of the inferred fact.
5. If the trier of fact is not persuaded by the controverting evidence of the nonexistence of the inferred fact, it must find the existence of the inferred fact.
6. If, based on a preponderance of the evidence, the trier of fact is persuaded by the controverting evidence of the nonexistence of the inferred fact, it may find that the inferred fact does not exist. (Footnotes omitted.)
^Furthermore, the Court found that the appropriate standard for appellate review of the factual determinations involved in considering whether a party challenging the validity of a sheriffs return of service has presented sufficient evidence to rebut the presumption by a preponderance of the evidence[2] is the manifest error — clearly wrong standard. This precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Hall v. Folger Coffee, Co., at p. 9, 874 So.2d at 98. The Court further noted that reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the court of appeal is convinced that had it been the trier of fact, it would have weighted the evidence differently. Id. at 10-11, 874 So.2d at 99.
Moreover,' it is well settled that “[t]he provisions of the [Children’s] Code shall be liberally construed to the end that each child and parent coming within the jurisdiction of the court shall be accorded due process_” La. Ch.C. art. 102. The Code provisions are to be construed “to secure simplicity in procedure, fairness in adjudication and administration and the elimination of unjustifiable delay.” La. Ch.C. art. 102. It has been noted that “[i]n paternity actions involving support of a minor child, the State’s interest in an accurate determination of paternity is compelling.” In Interest of JM, 590 So.2d 565, 569 (La.1991).
In this case, the juvenile court judge found that the record did not establish that the Defendant resided at the Julie Street address at the time domiciliary service was made at that address.[3] Further, she made a credibility determination that she | ^believed the Defendant’s testimony to the effect that he did not reside at the Julie *202 Street address at the time service was made there. And, finally, the trier of fact determined that the evidence in the record was sufficient to persuade her that the Defendant had not been properly served with the petition prior to entry of the default judgment.
Upon review, and, applying the manifest error-clearly wrong standard of review to the factual findings, we conclude that the testimony, record, and law support the juvenile court determinations in this case.
The State, relying on Roper v. Dailey, 393 So.2d 85 (La.1980), argues on appeal that the juvenile court erred in annulling the default judgment because it is well settled that the uncorroborated testimony of the party attacking service is insufficient to rebut the presumption of prima facie correctness accorded the sheriffs return. The fallacy in this argument, as found by the juvenile court judge, is the assertion that the Defendant’s testimony was uncorroborated. To the contrary, it was corroborated by the record which was void of any proof that the Defendant resided at the Julie Street address at the time domiciliary service was made at that address.
The juvenile court judge determined that the evidence controverting the return of service, that domiciliary service was made on the Defendant at 1912 Julie Street by serving his mother at that location, was sufficient to persuade her that service, before entry of the default judgment, was not valid. Based on the record and the applicable law, including the compelling interest in an accurate determination of paternity, we find the factual determinations made by the juvenile court judge are not manifestly erroneous and there is no error in the court’s ruling.
17Accordingly, the judgment of the juvenile court nullifying the default judgment confirmed against the Defendant and ordering the Defendant to submit to a blood test is affirmed.

AFFIRMED.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the minor involved will be used to protect the child’s identity.

. While we recognize that whether the applicable standard in sufficiency of service cases, by a preponderance or by clear and convincing evidence, is not without dispute, Hall v. Folger Coffee, Co., 03-1734 (La.4/14/04), 874 So.2d 90, Justice Kimball dissenting, we are constrained to follow the majority opinion.

. The original Petition to Prove Paternity only provided that the Defendant was domiciled in Marrero, Louisiana.