982 So.2d 168 (2008)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, in the Interest of J.S.
v.
Stanley HAMILTON.
No. 07-CA-654.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*169 Paul D. Connick, Jr., District Attorney, Jefferson Parish, John D. Fitzmorris, Jr., Assistant District Attorney, Harvey, LA, for Plaintiff/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and GREG G. GUIDRY.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
The State of Louisiana, Department of Social Services, filed a Petition to Prove Paternity and Obtain Child Support on September 8, 2006 on behalf of J.S., the minor child of Carleen Sparks. The petition sought to establish that Stanley Hamilton was the father of the minor child and was, therefore, responsible for child support payments. Hamilton was a resident of Ozark, Alabama. Sparks and the minor child reside in Jefferson Parish and the child was conceived in Jefferson Parish. Service of the petition was attempted by certified mail to Hamilton's address at 629 S. Highway 123, Ozark, Alabama 36360. Service was ultimately returned unclaimed after three unsuccessful attempts to deliver on September 29, October 4, and October 7, 2006. An Affidavit of Service was filed into the record by a clerk for the juvenile court indicating that the petition was mailed on September 26, 2006 and returned unclaimed on October 20, 2006. The State received verification from the United States Postal Service on October 26, 2006 that Hamilton did receive mail at the address in Alabama.
Thereafter, Hamilton failed to answer the petition and a motion for preliminary default was filed by the State on January 30, 2007. An order entering preliminary default against Hamilton was signed by the juvenile court on January 31, 2007. Hamilton's child support obligation was then calculated to be $287.00 per month. The juvenile court signed a judgment on April 4, 2007 ordering that the preliminary default be confirmed and recognizing Hamilton to be the father of Carleen Sparks. The Judgment also ordered Hamilton to pay child support of $287.00 per month, effective April 6, 2007 and retroactive to September 2006, and ordered Hamilton to pay arrears of $2,007.00 plus 5% for court costs per month. Hamilton was also ordered to pay monthly medical insurance costs for the child and a wage assignment was issued.
On April 10, 2007, the Judgment was sent to Hamilton by certified mail to his Ozark, Alabama address. An unknown party at the address signed for the certified mail on April 13, 2007. Hamilton then sent a letter to the juvenile court, postmarked May 11, 2007, requesting a paternity test to verify that he is the biological father of the minor child. The juvenile *170 court received the letter on May 14, 2007. Hamilton also indicated in this letter that he had been injured and out of work since March 2007, and he enclosed a Hospital Discharge Instruction sheet dated April 19, 2007 with the letter.
In response to this letter, the juvenile court set a rule to show cause hearing for July 2, 2007 to determine whether a paternity test should be ordered. A certified copy of the rule to show cause hearing notice was sent to Hamilton by certified mail. Hamilton received and signed for the notice on June 7, 2007.
The hearing was held on July 2, 2007. Hamilton did not appear for the hearing. The juvenile court took the matter under advisement and rendered judgment on July 9, 2007 granting Hamilton's request for a paternity test. The juvenile court also issued Reasons for Judgment on that date. The juvenile court treated Hamilton's request by letter as an appeal of the April 4, 2007 Judgment. The State had argued that his request should be considered an appeal and since his letter was not received within fifteen days of the mailing of the notice of judgment, the request is untimely. The juvenile court noted that technically the State is correct that the request was not received within the time delays allowed by law for an appeal. However, Hamilton was apparently hospitalized at the time service of the Judgment was received at his address and he was not discharged until April 19, 2007.
The juvenile court went on to note that if the proper delays were observed from the date of the mailing of notice of judgment, then defendant's correspondence should have been received by April 25, 2007. Hamilton's letter was not received until May 14, 2007, or nineteen days after the allowable time limit. The court pointed out that Hamilton did not have the benefit of legal representation and the letter was not unreasonably late for a lay person without benefit of legal counsel. The court ultimately found that the circumstances surrounding the timeliness of the letter, Hamilton's lack of legal counsel, and the risk of harm to Hamilton in forcing him to pay support for a child not possibly his, justified a lenient view of the timeliness of defendant's request. The court found that if the paternity test proved Hamilton is the father of the child, the April 4, 2007 judgment would stand.

DISCUSSION
The State has now filed this appeal arguing the juvenile court erred in nullifying the judgment of March 28, 2007 and erred in granting Hamilton's request for genetic testing. For the reasons which follow, we affirm the juvenile court's judgment granting Hamilton's request for paternity testing.
On appeal, the State contends that the issue of whether or not Hamilton's letter should be considered an appeal is moot since the juvenile court granted relief and ordered the paternity test. The State contends the juvenile court treated the letter as a motion to nullify the judgment of April 4, 2007. The State argues that Hamilton's letter shows an intent to claim he was not properly served with the petition and, therefore, the default judgment was invalid. The State further argues that service was properly made under the Long Arm Statute, and, thus, there is no basis to nullify the April 4, 2007 Judgment.
We agree with the State that Hamilton's letter was in effect a claim that he was not properly served with the petition, and therefore default judgment was not appropriate. This Court recently addressed this issue in State Dept. of Social Services, ex rel. S.S., 07-165 (La.App. 5 Cir. 9/25/07) 968 So.2d 199. In that case, this Court affirmed the trial court's ruling nullifying a *171 default judgment confirmed against an alleged father based on insufficient service of process. This Court applied the factors set forth by the Louisiana Supreme Court in Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90, for determining a Nullity Action based on insufficient service of process. The Supreme Court in Hall set forth the following factors:
1. The trier of fact must determine the existence of the "predicate fact"  i.e., whether the record contains a completed sheriffs return of service.
2. If the predicate fact exists, the trier of fact must draw the inference created by the legislature  i.e., that the sheriffs return of service is valid.
3. The party attacking the validity of the sheriffs return of service must be allowed to present "appropriate evidence" to controvert or overcome the presumption created by the first two steps.
4. The trier of fact must determine whether it is persuaded by the controverting evidence of the nonexistence of the inferred fact.
5. If the trier of fact is not persuaded by the controverting evidence of the nonexistence of the inferred fact, it must find the existence of the inferred fact.
6. If, based on a preponderance of the evidence, the trier of fact is persuaded by the controverting evidence of the nonexistence of the inferred fact, it may find that the inferred fact does not exist. (Footnotes omitted.)
Furthermore, the appropriate standard for appellate review of the factual determinations involved in considering whether a party challenging the validity of a sheriffs return of service has presented sufficient evidence to rebut the presumption by a preponderance of the evidence is the manifest error  clearly wrong standard. State Dept. of Social Services, ex rel. S.S., supra, citing Hall v. Folger Coffee Co., supra. This precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. State Dept. of Social Services, ex rel. S.S., supra, citing Hall v. Folger Coffee, Co., supra at p. 9, 874 So.2d at 98. This court further noted that reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the court of appeal is convinced that had it been the trier of fact, it would have weighted the evidence differently. State Dept. of Social Services, ex rel. S.S., supra, citing Hall v. Folger Coffee, Co., supra at 10-11, 874 So.2d at 99.
In this case, the juvenile court treated Hamilton's letter as an appeal of the April 4, 2007 Judgment and further found the circumstances surrounding the timeliness of the request to appeal justified leniency. We agree with the juvenile court and find the juvenile court was not clearly wrong in light of the evidence presented.
Service was attempted by certified mail, however, the record reveals that the envelope was returned to the clerk's office and marked as unclaimed. Therefore, it is clear that Hamilton had no knowledge of the original petition. In addition, service of the April 4, 2007 Judgment was received by someone at Hamilton's residence, but the evidence presented by Hamilton shows he was hospitalized at the time. The hospital discharge papers indicate he was discharged on April 19, 2007. The letter sent to the juvenile court by Hamilton was received May 14, 2007. Therefore, we agree with the juvenile court and find that Hamilton contacted the court within a reasonable amount of time after learning of the judgment. We also note, as the juvenile court did, that Hamilton is representing *172 himself and does not have the benefit of legal representation to assist him in this matter.
Therefore, we find the factual determinations made by the juvenile court are not manifestly erroneous and find no error in the court's granting of Hamilton's request for paternity testing.
Accordingly, the juvenile court's judgment granting Hamilton's request for genetic paternity testing is affirmed.
AFFIRMED.