DOUCET, Judge.
This is an appeal from a trial court judgment enjoining the Louisiana Department of Public Safety and Corrections (DPSC) from suspending Michael Lloyd Webb's driver’s license for an unsatisfied judgment under the provisions of La.R.S. 32:891, et seq.
The trial judge correctly outlined the facts giving rise to this action as follows:
“Michael Lloyd Webb was involved in an automobile accident on December 17, 1987.. At the time of the accident he was a minor.' Ultimately, suit was instituted against his mother, Eva Ganey, individually, and on behalf of her minor son, Mike Webb. This suit resulted in a judgment against Eva Ganey individually, and on behalf of her son, in the amount of $13,505.20 in favor of State Farm Mutual Automobile Insurance Company, and in the amount of $100.00 in favor of James W. Bradford and Della Bradford, judgment to this effect was signed on April 20, 1989. As a result of the judgment, the Louisiana Department of Public Safety and Corrections gave notice to Webb of the suspension of his driving privileges pursuant to Louisiana Revised Statute 23:893.
[[Image here]]
“The attempted suspension of the driving privileges occurred because Webb had not taken the steps necessary to satisfy the judgment taken in April of 1989.” [1]
Webb filed this action asking that DPSC be enjoined and prohibited from suspending his license.
After a trial on the merits, the trial judge rendered judgment in favor of Webb enjoining the DPSC from suspending Webb’s driving and vehicle registration privileges. The DPSC appeals.
La.R.S. 32:891 states with regard to judgments rendered in connection with automobile accidents that:
“Whenever any person fails within sixty days to satisfy any final judgment, upon the written request of the judgment creditor or his attorney, it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this state, to forward to the commissioner immediately after the expiration of said sixty days, a certified copy of such judgment.”
The actions to be taken by the DPSC upon receipt of this notice are outlined in La.R.S. 32:892 as follows:
“A. The commissioner, upon the receipt of a certified copy of a final judgment shall forthwith suspend the license and registration and any non-resident’s operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this Section and in R.S. 32:895.”
The DPSC argues that the trial court erred in failing to apply this statute as written. The trial judge found that the Statute should not apply as written based on the provisions of House Resolution No. 15 of the 1986 First Extraordinary Session of the Louisiana Legislature. That resolution directs the DPSC to enforce the provisions of the Motor Vehicle Safety Responsibility Law, which includes La.R.S. 32:891, et seq., only against the owner of the vehicle and not against the operator. We can find no authority to suggest that this resolution acts as an amendment to the Motor Vehicle Responsibility Law. However, it can be used to determine the legislative *1245 intent where such a determination is necessary and appropriate.
La.C.C. Art. 9 provides, with regard to the interpretation of laws, that:
“When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.”
It is not appropriate for this court to look to the intent of the legislature unless the statute is ambiguous or leads to an absurd result. As was stated in Rada v. Administrator, Div. of Emp. Sec., State, D. of L., 319 So.2d 460, 463 (La.App. 4th Cir.), writ refused, 323 So.2d 128 (La.1975): “Furthermore, if ... the legislature erred in expressing its intention, it is not the function of the judicial branch to correct such an error, unless the error creates an ambiguity. Such an error (if one occurred) should be corrected by the legislature.”
The provisions of La.R.S. 32:891, et seq., are clear and unambiguous and do not lead to an absurd result. Therefore, the statute must be applied as written. This court may not look beyond the clear language of the statute to correct any error of the legislature in expressing its intent. As a result, under the provisions of La.R.S. 32:891, the DPSC may suspend Webb’s driving and vehicle registration privileges.
Accordingly, the judgment of the trial court is reversed. Costs of this appeal are to be paid by the plaintiff/appellee.
REVERSED.

. Apparently, Eva Ganey had no liability insurance on her automobile which was being driven by Webb at the time of the accident.