WOODARD, Judge.
The issues in this case are whether the trial court erred in ruling that La.R.S. *282 32:667 B does not provide for a statutory suspension of driving privileges and also whether La.R.S. 32:667 E requires the state to provide a plan to the court before suspension can take place.
The facts are not disputed. On April 20, 1991, Keith P. Meilleur was arrested for violation of La.R.S. 14:98, driving while intoxicated. The investigating officer who was dispatched to the scene of the accident, detected a strong odor of alcohol on Meill-eur. After advising him of his rights, he placed Meilleur under arrest. The officer also instructed him to submit to a chemical test for intoxication after he advised him of the consequences and effects of submission or refusal to submit.
Meilleur submitted to the chemical test. The results show a blood alcohol level of .23 percent. As a result of the breath test, Louisiana Department of Public Safety and Corrections, (hereinafter the Department), proposed to suspend Meilleur’s driving privileges as required by La.R.S. 32:667 B(l). In response thereafter, Meilleur requested and was granted an administrative hearing on July 1, 1991. The administrative law judge ruled in favor of the Department, sustaining the proposed suspension of Meilleur’s driving privileges.
Meilleur then appealed to the 9th Judicial District Court, contending that there is no statutory authority for a suspension of driving privileges where an individual fails the breath test and also requests an administrative hearing. The district court reversed the administrative law judge’s ruling. It is from this ruling that defendant timely appeals.
LAW
La.R.S. 32:667, in pertinent part reads: A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98, or a violation of a parish or municipal ordinance prohibiting the operating of a vehicle while intoxicated, and the person either refuses to submit to an approved chemical test for intoxication, or submits to such test and such test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, the following procedures shall apply:
(1) The officer shall seize the driver’s license of the person under arrest and shall issue in its place a temporary receipt of license on a form approved by the Department of Public Safety and Corrections. Such temporary receipt shall authorize the person to whom it has been issued to operate a motor vehicle upon the public highways of this state for a period not to exceed thirty days from the date of arrest or as otherwise provided herein.
(2) The temporary receipt shall also provide and serve as notice to the person that he has not more than ten days from the date of arrest to make written request to the Department of Public Safety and Corrections for an administrative hearing in accordance with the provisions of R.S. 32:668.
¾! S)S ⅜ }(S ⅜ ⅜
B. If such written request is not made by the end of the thirty day period, the person’s license shall be suspended as follows:
(1) If the person submitted to the test and the test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, his driving privileges shall be suspended for ninety days from the date of suspension on first offense violation without eligibility for a hardship license, for the first thirty days and for three hundred sixty five days from the date of suspension without eligibility for a hardship license on second and subsequent violations, occurring within five years of the first offense.
Sfc * ⅜! ¡{f ⅜ Sfc
D. Upon receipt of a request for an administrative hearing, the department shall issue a document extending the temporary license, which shall remain in effect until the completion of administrative suspension, revocation, or cancellation proceedings. The department shall promptly schedule such request for hearing. No delay of the hearing shall be granted by the department, unless *283 requested in writing at least three days prior to such hearing, and upon a showing of good cause for the delay. However, in the case of an unforseen emergency the secretary or his designee, may waive the requirement for a written request to be submitted three days prior to the hearing in order to grant a delay. A hearing granted by the department may be rescheduled only once by the person seeking such hearing and in no event shall a hearing be rescheduled for a date later than ninety days from the date of the arrest. Oversight review of rules and regulations promulgated by the secretary under the provisions of this Part shall be conducted by the House Committee on Transportation, Highways, and Public Works and the Senate Committee on Transportation, Highways, and Public Works.
Section D of this statute does not specifically provide for a penalty in the event that the driver requested an administrative hearing and loses, as it does in Section B when a driver does not request a hearing. Thus, the question becomes whether we are permitted by law to construe Section D liberally, filling in the void in accordance with our interpretation of legislative intent or whether Section D requires a strict construction, in which case a penalty could not be extrapolated.
The answer turns on yet another question; namely, is the statute civil or criminal? In a recently decided case, Butler v. Department of Public Safety and Corrections, 609 So.2d 790 (La.1992), the Louisiana Supreme Court answered this question. It stated, that “a driver’s license suspension is civil,” and that “the motorist suffers no loss of liberty, no incarceration or fine as a result of the suspension or revocation of his license but merely forfeits the privilege of driving on public highways of the state.” State v. Page, 332 So.2d 427 (La.1976). The court in Butler, supra, concluded that “a driver’s license suspension is a remedial measure which attempts to protect society from the hazards posed by drunk drivers by removing the driving privileges of those who have been convicted of driving while intoxicated.”
In interpreting statutes, jurisprudence has long held that the courts should construe civil statutes to give them the meaning intended by the legislature and avoid absurd results. Webb v. Louisiana Department of Public Safety, 579 So.2d 1243 (La.App. 3rd Cir.1991); Smith v. Flournoy, 238 La. 432, 115 So.2d 809 (1959). A statute is to be liberally construed to effectuate its policy. State v. Rone, 324 So.2d 867 (La.App. 3rd Cir.1975). All sections of a statute are to be construed together to resolve any obvious omissions of or disparities in its terms. State v. Free, 321 So.2d 50 (La.App. 3rd Cir.1975), writ denied 325 So.2d 272 (La.1976).
In the case sub judice, the plaintiff asks us to interpret the statute finding that there is no statutory authority given to suspend his license because he timely requested a hearing, even though his blood alcohol level was found to be .23. This would create an absurdity resulting in providing every arrestee, who timely asks for an administrative hearing at which his suspension is confirmed, a technical loophole. In other words, to avoid suspension, ask for an administrative hearing. This is obviously not what the legislature intended.
We find that the legislature intended to impose the same suspension period for our situation as it stated in La.R.S. 32:668 B(l). It is unnecessary to address any other issues.
For the foregoing reasons, the judgment of the district court is reversed and the suspension order of the Department of Public Safety and Corrections is reinstated. Costs of this appeal are assessed to the plaintiff, Keith P. Meilleur.
REVERSED.