J^FITZSIMMONS, J.
After his vehicle was stopped by a law enforcement officer, plaintiff-appellant, Mr. Nelson Hymel, Jr., refused to take the chemical test for intoxication. Mr. Hymel failed the field sobriety tests and was arrested for DWI. The officer seized Mr. Hymel’s driver’s license but in its place, the officer issued a temporary license, which was valid for thirty days. Mr. Hy- *1173 mel made a timely request for review of the suspension of his driver’s license to the Department of Public Safety and Corrections (department). After an administrative hearing, the officer’s actions were found to be reasonable and the suspension proper. Mr. Hymel then petitioned the District Court for the Nineteenth Judicial District for a de novo judicial review. The department was named as the defendant.
The district court, relying on Butler v. Department of Public Safety and Corrections, 609 So.2d 790 (La.1992), determined that the controlling statute, Louisiana Revised Statutes 32:667, was civil, and not penal in nature. The court reasoned that the statute was to be interpreted to give meaning to the intentions of the legislation, rather than the strict interpretation reserved for penal statutes. After considering all the provisions of the applicable statute and the intent of the legislation, the district court found that the statute did allow for suspensions after requests for hearings. The suspension was “upheld and the petitioner’s request for de novo review [was] dismissed,” with prejudice.
Mr. Hymel appealed. He argues that Louisiana Revised Statutes 32:667 is penal in nature and must be construed strictly. Under a strict interpretation, with a focus on 32:667B, he argues that the statute provides no authority for suspension of a driver’s license after a request for a hearing. Thus, the trial court erred by suspending his license.
After a thorough review of the record and applicable law, we disagree with Mr. Hymel’s analysis. We affirm the judgment of the district court.
^Louisiana Revised Statutes 32:667A(1) requires an officer to seize the arrestee’s driver’s license, if the arrestee “refuses to submit to an approved chemical test for intoxication .... ” After the seizure, the officer “shall issue in its place a temporary receipt of license .... ” La. R.S. 32:667A(1). “The temporary receipt shall also provide and serve as notice to the person that he has not more than fifteen days from the date of arrest to make written request to the [department] for an administrative hearing in accordance with the provisions of R.S. 32:668.” La. R.S. 32:667A(2). If such written request is not made, Louisiana Revised Statutes 32:667B(l)-(4) provides different options for suspensions based on the facts of the particular case. If a request for a hearing is timely made, “the department shall issue a document extending the temporary license, which shall remain in effect until the completion of administrative suspension ... proceedings.” La. R.S. 32:667D (emphasis added). “The department shall provide for.a hearing to determine suspension ... of driving privileges,” to “be held within ninety days of the date of arrest .... ” La. R.S. 32:667E (emphasis added). Louisiana Revised Statutes 32:668A lists specific issues to be considered at the hearing, including whether the arrestee refused to take the approved chemical test. If the suspension is found to be otherwise proper, the department “may” choose between various options for the suspension. Those options depend on the particular facts involved. La. R.S. 32:668B. “After a person has exhausted his remedies with the department, [which includes the administrative hearing process,] he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the [department].” La. R.S. 32:668C (emphasis added).
Initially, we note that the Louisiana Supreme Court has specifically determined that the license suspension provision of Louisiana Revised Statutes 32:667 is civil in nature. Butler v. Department of Public Safety and Corrections, 609 So.2d at 795-796. Therefore, after considering the statute in its |4entirety, and other ap *1174 plicable law, the provision in question must be interpreted in a manner consistent with “the express terms of the law and with the obvious intent of the legislature in enacting it.” Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1129.
After a thorough review of the record and the applicable law, it is clear that the interpretation by Mr. Hymel would lead to an absurd result and frustrate the intention of the legislature. A reading of all of the provisions of Louisiana Revised Statutes 32:667, and the relevant portions of 32:668, evince the legislative intention to authorize suspension post-hearing. See Meilleur v. Louisiana Department of Public Safety, 613 So.2d 281, 282-83 (La.App. 3d Cir.), writ denied, 614 So.2d 1261 (La.1993). Specifically, upon receipt of a hearing request, Louisiana Revised Statutes 32:667D extends the temporary license only “until” the suspension proceedings are complete. The expressed purpose of the hearing is to determine the very issue of the suspension of driving privileges. La. R.S. 32:667E. The hearing does allow the arrestee “to have the reasonableness of the suspension determined .... ” Butler, 609 So.2d at 792. However, the mere request for a hearing does not act as a bar or erasure of a proper suspension. If the request alone acted as an automatic prohibition of suspension, the subsequent hearing and judicial review afforded the arres-tee would serve no purpose. See Meilleur v. Louisiana Department of Public Safety, 613 So.2d at 283. Thus, we agree with the district court’s judgment in favor of the department.
For these reasons, the judgment is affirmed. The costs of the appeal are assessed to plaintiff-appellant, Mr. Hymel.
AFFIRMED.