953 So.2d 1053 (2007)
Elodie FLEMING, Calvin A. Fleming III, John Paul Fleming, Georgia Rose Properties LLC, Douglas R. Fleming, Jr., Sue Reed Fleming, Douglas Fleming III, Suzanne Fleming Harvey, and Jamie Lou Fleming
v.
The TOWN OF JEAN LAFITTE, Tim Kerner, Individually and in His Capacity as Mayor of the Town of Jean Lafitte and Paul Hubbard d/b/a Hubbard Construction Company Incorporated.
Hubbard Enterprises, Incorporated
v.
Elodie Fleming, Calvin A. Fleming III, John Paul Fleming, Douglas Fleming, Jr., Sue Reed Fleming, Suzanne Fleming Harvey, Jamie Lou Fleming, Douglas Fleming III, and Georgia Rose Properties, L.L.C.
Nos. 06-CA-877, 06-CA-878.
Court of Appeal of Louisiana, Fifth Circuit.
March 27, 2007.
Rehearing Denied April 23, 2007.
*1054 Dennis J. Phayer, Metairie, Louisiana, for Hubbard Enterprises, Inc.
Robert L. Redfearn, Robert L. Redfearn, Jr., New Orleans, Louisiana, for John Fleming, Douglas Fleming, Jr., Sue Reed Fleming, Suzanne Fleming Harvey, Jamie Lou Fleming, Douglas Fleming, III and Georgia Rose Properties, L.L.C.
Juan C. Labadie, Zoe Olivia Fleming, Gretna, Louisiana, for Calvin Albert Fleming and Elodie Diodene Fleming.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
This is an appeal by defendant, Hubbard Enterprises, Inc. (Hubbard), from a trial court decision to deny Hubbard's petition to annul a default judgment confirmed against it in an action for damages brought by several property owners in Lafitte, Louisiana. The underlying lawsuit was *1055 filed on November 16, 2003 by plaintiffs who allege that Hubbard, acting on behalf of the Town of Jean Lafitte, trespassed on their property to cut down trees without permission of plaintiffs, causing a devaluation of plaintiffs' property. Paul Hubbard, doing business as Hubbard Enterprises, Inc., the Town of Jean Lafitte, and Tim Kerner, individually and as mayor of Jean Lafitte were all named as defendants in solido.
Hubbard did not answer the petition and a motion for preliminary default was moved for and granted against Hubbard on April 5, 2004. The preliminary default was confirmed on May 4, 2004 by a judgment awarding a total of $103,749.00 in damages, plus attorneys' fees and costs. Notice of the signing of that judgment was sent to Hubbard through its agent, Dixie Ramirez at 1 Ormond Boulevard, Suite C, LaPlace, Louisiana, 70068. That judgment was not appealed.
On October 28, 2004, Hubbard filed a separate action to annul the default judgment taken against it on the basis that the company was not legally cited to appear. Subsequently, the two actions were consolidated.
In its petition, Hubbard maintains that its agent, Dixie Ramirez, was never served with the original citation and petition. It further asserts that Ms. Ramirez has not resided in, or operated a business at the Ormond address since her retirement in 1997, and it would be impossible for her to have been served personally with this lawsuit as indicated by the return of service.
Subsequently, Hubbard filed a motion for summary judgment on its petition to annul the default judgment. After a hearing, that motion was denied and the matter went to a trial on the merits before the bench. After considering the return of service and the testimony presented at trial, the trial court denied Hubbard's petition to annul the default judgment for improper service. It is that judgment that is before us on appeal.
Under the provisions of La. C.C.P. art. 1292, a sheriff's return of service of process "shall be considered prima facie correct." While the recitation on the return of citation is presumed to be correct, the presumption is rebuttable. The latest pronouncement on the burden of proof is in Roper v. Dailey, 393 So.2d 85 (La., 1980). In Roper, the Supreme Court held that the burden of persuasion that applies to a party seeking to overcome the rebuttable presumption afforded a completed sheriff's return of service by La. C.C.P. art. 1292 is preponderance of the evidence. Accordingly, the party attacking service must prove that, more probably than not, proper service was not made. Hall v. Folger Coffee Co., XXXX-XXXX (La.4/14/04), 874 So.2d 90, 97. Generally, the uncorroborated testimony of the party attacking service, standing alone, is insufficient to rebut the presumption of prima facie correctness accorded the sheriff's return. Roper, 393 So.2d at 86; Hall, 843 So.2d at 632.
The sheriff's return is contained in the record and shows that Ms. Dixie Ramirez was served personally with the original citation and petition. The date on the return is unclear and there is some dispute over whether it was served on the 20th or the 26th of November, 2003.
Sergeant Herbert Cortez of the St. John's Sheriff's Department, testified that he personally served Ms. Dixie Ramirez with the original petition. He further stated that he is familiar with the location at 1 Ormond Boulevard. He recalled going to the address to serve Ms. Ramirez but could not recall if the service was made at that location or at her residence. Sergeant Cortez, who has been employed with *1056 the Sheriff's office for eighteen years, explained that whenever he tries unsuccessfully to serve papers at a business address, he goes to the new address or the residence address to complete service. In this case he could not recall at which address he actually served Ms. Ramirez, but he stated that if he indicated personal service on the return, he handed it to Ms. Ramirez personally.
Sergeant Cortez explained that he could not recall this specific service. However, he stated that if he had left the paper with someone other than Ms. Ramirez at the 1 Ormond Boulevard address, he would have indicated that the service was "domiciliary" and not "personal." Sergeant Cortez stated that if he indicated "personal" and signed the return of service, he personally served Ms. Ramirez with the citation and the attached petition. However, he could not be sure whether he served it on the 20th or the 26th.
Hubbard stipulated that Ms. Dixie Ramirez was the registered agent for service at the time the citation and petition was served. Further, Ms. Ramirez testified at trial that she was the registered agent for Hubbard and her address was listed as her office location at 1 Ormond Boulevard, LaPlace, Louisiana. Ms. Ramirez testified that she owned Southwestern Title and operated the business out of the Ormond Boulevard address. However, in 1997, she sold the business, including the location and furniture, to Winters Title Agency, Inc. When Winters Title purchased the business, it took over all of Southwestern Title's active files. At that time Ms. Ramirez retired and no longer maintained an office at the Ormond Boulevard location. She stated that she requested Winters Title to inform her if anything important came into the office regarding Hubbard. Ms. Ramirez testified that she notified the Office of the Secretary of State of the sale to Winters Title. She assumed the Secretary of State's office received the letter because she did not receive a form to sign at the end of the year as usual.
She maintained that she was never personally served at 1 Ormond Boulevard, Suite C, in LaPlace, Louisiana in November of 2003. Ms. Ramirez further testified that in November, 2003 she was employed by Prestige Title in Metairie and produced pay stubs and copies of checks received for services rendered to Prestige from October through November, 2003, including several dated November 26, 2003, but none on November 20, 2003. On cross-examination, Ms. Ramirez denied the information contained on the return of service that showed she was personally served with the original petition in this lawsuit.
The determination of whether a party challenging the validity of a sheriff's return of service has presented sufficient evidence to rebut the presumption is a factual question, left to the factfinder. Thus, the appropriate standard for our review is the manifest error standard. Hall, 874 So.2d at 98. One of the basic tenets of the manifest error standard of review is that "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the court of appeal is convinced that had it been the trier of fact, it would have weighed the evidence differently." Parish Nat. Bank v. Ott, XXXX-XXXX (La.2/25/03), 841 So.2d 749, 753.
After a review of the evidence in the record, this Court cannot find manifest error in the trial court's finding that Hubbard did not successfully rebut the presumption that the service was proper as indicated by the sheriff's return. Even assuming, arguendo, that the address on the return is incorrect, there is sufficient evidence provided by the sheriff's return and Sergeant Cortez' testimony that the *1057 citation and petition were served personally on Ms. Ramirez. Thus, the exact location is not determinative. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.