JOHN HALL

VERSUS

DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

NO. 22-CA-374

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 764-112, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


July 26, 2023


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst


**AFFIRMED**
 **SJW**
 **MEJ**
 **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS:
OFFICE OF MOTOR VEHICLES
          Jennifer Del Murray
          Harrietta J. Bridges

**WINDHORST, J.**

Appellant/defendant, Louisiana Department of Public Safety, Office of Motor Vehicles ("OMV"), appeals the trial court's judgment granting appellee/plaintiff John Hall's motion to reinstate license.[1] For the following reasons, we affirm.

**FACTS and PROCEDURAL HISTORY**

On May 4, 2016, Mr. Hall was arrested for operating a vehicle while intoxicated, in violation of La. R.S. 14:98. After Mr. Hall was <u>Mirandized</u>,[2] he voluntarily submitted to a chemical test for intoxication, which showed a blood alcohol concentration ("B.A.C.") of 0.082 percent.

The test results exposed Mr. Hall to a 90-day suspension of his driving privileges and disqualification of his commercial driver's license for one year. La. R.S. 32:667 B(1)(b); La. R.S. 32:414.2; 49 C.F.R. 383.51. OMV suspended Mr. Hall's driving privileges. Mr. Hall timely requested and was granted an administrative hearing to contest the suspension of his license for a chemical test for intoxication with B.A.C. results above 0.08. La. R.S. 32:667; La. R.S. 32:668. On August 1, 2016, the administrative law judge affirmed the suspension of Mr. Hall's driving privileges.

On August 24, 2016, Mr. Hall filed a "Petition for Injunctive Relief and Trial De Novo," seeking review of the administrative law judge's August 1, 2016 decision affirming the suspension of his license. The petition named the "Department of Public Safety and Corrections" as defendant. Mr. Hall alleged that he had a commercial driver's license and made his living driving. He asserted that he needed his license to drive in order to support his family and alleged irreparable harm would occur to him if he were not allowed to drive. In his prayer, Mr. Hall requested the

---

[1] A written judgment granting Mr. Hall's motion was signed on March 28, 2022. An amended judgment correcting a typographical error in Mr. Hall's driver's license number was signed on March 31, 2022.

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)

trial court to issue a temporary restraining order and in due course a permanent restraining order enjoining defendant from suspending his license.

The trial court granted an *ex parte* temporary restraining order enjoining the suspension of Mr. Hall's driver's license "until further orders." The trial court also set a hearing date for October 7, 2016 on Mr. Hall's rule to show cause for a permanent injunction. The petition requested service on defendant "State of Louisiana Department of Public Safety and Corrections Headquarters" located at "504 Mayflower Street" in Baton Rouge. The sheriff's return indicates that defendant was personally served on September 7, 2016.

On January 17, 2017, OMV as defendant filed a memorandum in opposition to Mr. Hall's "Petition for Injunctive Relief and Trial De Novo." OMV asserted that on May 4, 2016, Mr. Hall was arrested in Orleans Parish for operating a vehicle while intoxicated in violation of La. R.S. 14:98. New Orleans Police Department Officer Candice Preston offered Mr. Hall a chemical test for intoxication. Mr. Hall was read his rights pursuant to the law and submitted to a chemical test. The chemical test showed that Mr. Hall had a blood alcohol concentration of .082 percent. OMV argued that pursuant to La. R.S. 32:667 B(1)(b), the chemical test result exposed Mr. Hall to a 90-day suspension of his driving privileges and disqualification of his commercial driver's license for one year under La. R.S. 32:414.2 and 49 C.F.R. §383.51. Mr. Hall timely requested an administrative hearing to contest the suspension of his license, in which the administrative law judge correctly affirmed the suspension of his driver's license and driving privileges.[3] OMV argued that the statutory conditions for suspending Mr. Hall's commercial driver's license and disqualifying his commercial driving privileges were satisfied and therefore, the suspension of Mr. Hall's driver's license and driving

---

[3] OMV asserted that it issued a temporary driver's license to Mr. Hall while this matter is pending and that Mr. Hall presently has full commercial driving privileges.

privileges was proper.[4]  The opposition was signed by counsel for OMV, Jennifer Del Murray, with the address, "7979 Independence Blvd., P.O. Box 66614, Baton Rouge, Louisiana 70896-6614."

By agreement of the parties, the rule to show cause on Mr. Hall's permanent injunction was continued several times.  At the last setting, the parties agreed to continue the matter without date.[5]

On February 2, 2022, Mr. Hall filed a pleading captioned "Motion to Reinstate License."  In his motion, Mr. Hall contended that an injunction was requested and granted on August 24, 2016, and it remains in place.[6]  He asserted that he has been unable to renew his driver's license "due to the State's refusal."  Mr. Hall claimed that despite "numerous attempts" and "phone calls," he and his counsel "are at a loss as it relates to addressing this issue."  Accordingly, he requested a hearing to address the State's refusal to allow him to renew his driver's license and requested he be permitted to renew his driver's license.  The trial court set Mr. Hall's motion for hearing on March 23, 2022.  Service was requested on the "State of Louisiana Dept. Public Safety & Corrections" at "504 Mayflower St." in Baton Rouge.

On March 23, 2022, Mr. Hall and his counsel appeared before the trial court on his motion to reinstate license.  No appearances were made for OMV and plaintiff's counsel informed the court that no opposition was filed.  The trial court

---

[4] Attached to the opposition were (1) the arrestee's rights form and rights relating to the chemical test for intoxication; (2) the B.A.C. results and a copy of Mr. Hall's driver's license; and (3) the administrative law judge's August 1, 2016 decision.

[5] On October 4, 2016, counsel for Mr. Hall, Max Chotto, sent a letter to the trial court stating that he and "Jennifer Murray, on behalf of the Department of Public Safety and Corrections" mutually agreed to continue the October 7, 2016 injunction hearing and reset it for January 12, 2017.  The October 7, 2016 minute entry confirms that the injunction was continued to January 12, 2017 "by agreement per Chotto."  On January 23, 2017, counsel for OMV, "Jennifer Murray," sent a letter to the trial court stating that the parties mutually agreed to reset the hearing scheduled on January 12, 2017 to July 25, 2017.  The January 12, 2017 minute entry confirms that the "restraining order" was continued to July 25, 2017, "by agreement."  By letter dated July 3, 2017, counsel for Mr. Hall sent a letter to the trial court stating that the parties agreed to continue the July 25, 2017 date and reset it for September 14, 2017.  The July 25, 2017 minute entry states that the "restraining order" was continued to September 14, 2017 "by agreement per Mr. Chotto."  By letter dated September 11, 2017, counsel for OMV advised the trial court that the parties agreed to continue the matter and remove it from the September 14, 2017 docket.  The letter did not provide a new date.  The September 14, 2017 minute entry states that the "restraining order" was continued to be reset "per Ms. Del Murray." No further pleadings or documents were filed in the trial court record until Mr. Hall's "Motion to Reinstate License" filed on February 1, 2022.  A review of the record shows the OMV's counsel is referred to, and she signed her name as, Jennifer Murray and Jennifer Del Murray.

[6] We are unaware of any authority that allows a temporary restraining order to remain in effect indefinitely.

inquired as to whether OMV was served and the clerk responded that "The Department of Public Safety was served on February 23rd." Without evidence to the contrary, the trial court found in favor of Mr. Hall and granted motion. The trial court's judgment ordered OMV to "reinstate" Mr. Hall's driver's license. This appeal by OMV followed.

**LAW and ANALYSIS**

On appeal, in its sole assignment of error, OMV contends that the trial court erred in granting the motion to reinstate license "without verifying that OMV received notice of the hearing date." OMV alleges that it did not receive notice of the hearing date in violation of La. C.C.P. art. 1313 and it did not receive the judgment by U.S. mail in violation of La. C.C.P. art. 1913. OMV argues that the motion and judgment(s) were not sent to OMV's correct service address, "7979 Independence Blvd., Baton Rouge, LA," as stated on its pleading. It contends that the motion and judgment(s) requested service on OMV at "504 Mayflower St." in Baton Rouge, which is an incorrect address. OMV contends that the incorrect address was provided by plaintiff's counsel, who knew or should have known the correct address for OMV because "previous pleadings and/or correspondence had been exchanged between counsel for the parties in these proceedings." Specifically, OMV argues that the memorandum in opposition to plaintiff's petition for judicial review contains defendant's service address, which is different from the address requested by counsel. OMV contends that a lack of required notice prevented OMV from appearing and presenting a defense to the motion.

OMV also contends in its "conclusion," but not as an assignment of error, that the judgment is contrary to the provision of La. R.S. 32:414 A(1)(a) and La. R.S. 32:414 A(1)(b) for ordering OMV to issue driving privileges to Mr. Hall. OMV asserts that the statutory conditions under which it could suspend Mr. Hall's commercial driver's license and disqualify his commercial driving privileges were

met, and therefore, the suspension of Mr. Hall's commercial driver's license and disqualification of his commercial driving privileges was proper.

Under the provisions of La. C.C.P. art. 1292 A, a sheriff's return of service of process, "when received by the clerk, shall form part of the record, and shall be considered *prima facie* correct." See Hall v. Folger Coffee Co., 03-1734 (La. 04/14/04), 874 So.2d 90, 96. Although the recitation on the return of citation is presumed to be correct, the presumption is rebuttable. Fleming v. Town of Jean Lafitte, 06-877 (La. App. 5 Cir. 03/27/07), 953 So.2d 1053, 1055. The burden applicable to a party seeking to overcome the rebuttable presumption of a completed sheriff's return of service under La. C.C.P. art. 1292 is a preponderance of the evidence. Hall, 874 So.2d at 97; Roper v. Dailey, 393 So.2d 85 (La. 1981). Therefore, the party attacking service must prove that, more probably than not, proper service was not made. Hall, 874 So.2d at 97; Roper, 393 So.2d at 88. Generally, the uncorroborated testimony of the party attacking service, standing alone, is insufficient to rebut the presumption of *prima facie* correctness afforded the sheriff's return. Fleming, 953 So.2d at 1055; Hall, 874 So.2d at 632; Roper, 393 So.2d at 86.

Generally, a question regarding sufficiency of service of process cannot be raised for the first time on appeal, but rather should be raised in a suit to annul the judgment. Reed v. Landry, 21-589 (La. App. 5 Cir. 06/03/22), 343 So.3d 874, 878; La. C.C.P. arts. 925, 928, and 2002. Grounds for nullifying a judgment include insufficient service of process and lack of due process. Id. at 878-879; Anderson v. Anderson, 20-186 (La. App. 5 Cir. 12/23/20), 309 So.3d 868, 874; La. C.C.P. art. 2002. The justification for requiring a defendant to bring a separate suit to annul a judgment for insufficient service is to permit a hearing with the introduction of evidence to ascertain facts regarding whether defendant was properly served. Tour Holdings, L.L.C. v. Larre, 18-503 (La. App. 1 Cir. 12/06/18), 267 So.3d 735, 737; Hughes v. Sanders, 36,968 (La. App. 2 Cir. 05/14/03), 847 So.2d 165, 167. A final

judgment may be annulled for vices of form or substance. La. C.C.P. art. 2001. A final judgment shall be annulled if rendered against a defendant who has not been served with process as required by law. La. C.C.P. art. 2002. Except as otherwise provided, an action to annul a judgment for lack of service of process may be brought at any time. Id.

In this case, OMV did not file a petition to annul the judgment reinstating Mr. Hall's license. Instead, OMV has appealed the judgment challenging the sufficiency of the service of process. Although there are cases in which the nullity of a judgment has been considered on direct appeal without a prior action to annul, those cases appear to be exceptions limited to situations where there was a complete lack of *any* proof of service in the record. Hughes, 847 So.2d at 167. The record shows that the motion was served on OMV on "February 23rd" at 504 Mayflower Street in Baton Rouge.

Further, appellant was previously served with the "Petition for Injunctive Relief and Trial De Novo" at the Mayflower address and filed a "Memorandum in Opposition" on Jan 17, 2017 in response, making it *appear* that OMV received service there. The opposition, however, included the "7979 Independence Blvd., Baton Rouge, LA" address for the OMV. Thus, although there are apparent issues with the alleged service, the record does not show a complete lack of service, so this appeal does not involve the exception to the general rule that an allegedly deficient service should be addressed in an action for nullity.[7] While there may be a potential problem regarding sufficiency of service, *i.e.*, OMV's contention that service was not requested at the address provided on its pleading, it is not properly before this court. The sufficiency of service issues herein should be heard by the trial court where evidence can be taken and factual issues bearing on sufficiency of service can be decided. Accordingly, this assignment of error is not addressed.

---

[7] The sheriff's return shows personal service on defendant on February 23, 2022 at 504 Mayflower St..

Nevertheless, for the following reasons, we affirm the trial court's judgment.

When an individual is arrested for a violation of La. R.S. 14:98 and that individual submits to a chemical test for intoxication which results in a B.A.C. of 0.08 percent or above by weight, the law enforcement officer is required to seize the driver's license of the individual under arrest and issue a temporary receipt of license. La. R.S. 32:667 A(1). OMV is also required to disqualify an individual from operating a commercial motor vehicle for one year. La. R.S. 414.2 A(4)(a)(i).

The individual may request an administrative hearing to contest OMV's decision pursuant to La. R.S. 32:668 A. At this hearing, OMV must prove that (1) the law enforcement officer had reasonable grounds to believe that the person had been driving under the influence of alcohol; (2) the person was placed under arrest and advised of his rights pursuant to La. R.S. 32:661; (3) the individual voluntarily submitted to an approved chemical test; and (4) the test resulted in a B.A.C. of 0.08 or above by weight. La. R.S. 32:668 A; Flynn v. State, Dept. of Public Safety & Correction, 608 So.2d 994, 996 (La. 1992).

After an individual has exhausted his remedies with OMV, he may file a petition for judicial review in the appropriate trial court. La. R.S. 32:668 C(1). On review, the trial court is required to conduct a trial *de novo*, which "can encompass the calling of witnesses, the taking of testimony, and the introduction of evidence." Flynn, 608 So.2d at 996, 999; Kunow v. Louisiana Department of Public Safety and Corrections, 18-608 (La. App. 1 Cir. 11/05/18), 258 So.3d 917, 921; Millen v. State, Dept. of Public Safety & Correction, 07-845 (La. App. 1 Cir. 12/21/07), 978 So.2d 957, 961 n.4. Such a trial is a civil action amenable to all of the ordinary rules of procedure and proof. Kunow, 258 So.3d at 921; Schexnaydre v. State, Dept. of Public Safety and Corrections, 11-1420 (La. App. 1 Cir. 11/02/12), 111 So.3d 345, 348.

The burden of proof is on OMV at an administrative hearing and remains with OMV at the *de novo* trial before the trial court.  See Wells v. Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles, 18-1281 (La. App. 1 Cir. 07/11/19), 281 So.3d 690, 694; Henry v. State, Dept. of Public Safety, 01-103 (La. App. 3 Cir. 06/27/01), 788 So.2d 1286, 1288; Guillot v. State, Dept. of Pub. Safety, 380 So.2d 1250 (La. App. 3 Cir. 1980), writ denied, 384 So.2d 795 (La. 1980); Jaubert v. Department of Public Safety, 32 So.2d 212 (La. App. 4 Cir. 1975). Pursuant to La. R.S. 32:668 C and La. R.S. 32:414, OMV must initially prove that the law enforcement officer had reasonable grounds to believe that the person had been driving under the influence of alcohol.  OMV must also prove the remaining grounds as set forth in La. R.S. 32:688.  To be disqualified from operating a commercial motor vehicle under LSA-32:414.2(A)(4)(a)(i), OMV must establish a first reported submission to a chemical test in connection with an arrest of a commercial driver's license holder operating a motor vehicle under the influence of alcohol and an alcohol concentration of .08 percent or more.  La. R.S. 32:414.2 A(4)(a)(i).  However, depending on the facts in dispute, the suspended motorist may have the burden of proving his allegations.  See Allen v. State Dept. of Public Safety, 554 So.2d 207, 208, fn. 1 (1989); Meyer v. State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division, 312 So.2d 289 (La. 1975).

Here, the burden was on OMV to initially prove that the law enforcement officer had reasonable grounds to believe that Mr. Hall had been driving under the influence of alcohol.  Because OMV was not present nor did it present any evidence to sustain its burden at the *de novo* trial, despite notice, we find that the trial court did not err when it granted Mr. Hall's motion and reinstated his driver's license.

**DECREE**

For the foregoing reasons the trial court's judgment is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JULY 26, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-374**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
JENNIFER DEL MURRAY (APPELLANT)

### MAILED
MAX M. CHOTTO (APPELLEE)
ATTORNEY AT LAW
1132 DERBIGNY STREET
GRETNA, LA 70053

JOHN HALL  (APPELLEE)
2424 REGENCY PLACE
GRETNA, LA 70056

HARRIETTA J. BRIDGES (APPELLANT)
ATTORNEY AT LAW
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS
7979 INDEPENDENCE BOULEVARD
SUITE 307
BATON ROUGE, LA 70806